FORBES PIONEER BOAT LINE *v.* BOARD OF COM-MISSIONERS OF EVERGLADES DRAINAGE DISTRICT.

ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 188. Argued March 23, 1922.—Decided April 10, 1922.

1. Plaintiff, having been required by the defendant Board to pay charges for passage through a canal lock the use of which was then by law free, its right to recover the amount was protected by the Federal Constitution against destruction by the State, and could not be defeated by an act of the legislature purporting to validate the collection retroactively. P. 339. *United States* v. *Heinszen & Co.,* 206 U. S. 370, a tax case, distinguished.

2. Generally a ratification of an act is not good if attempted when the ratifying authority could not lawfully do the act. P. 339.

80 Fla. 252, reversed.

ERROR to a judgment of the Supreme Court of Florida which reversed a judgment recovered by the present plaintiff in error in its action to recover sums of money it had paid to the defendant Board as tolls for the passage of its boats through locks in one of the canals of a drainage system supervised and controlled by the Board under the state law.

*Mr. James M. Carson* for plaintiff in error.

*Mr. William Glenn Terrell* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit, begun in 1917, to recover tolls unlawfully collected from the plaintiff, the plaintiff in error, for passage through the lock of a canal. The Supreme Court of Florida sustained the declaration, 77 Fla. 742, but on the day of the decision the Legislature passed an act, c. 7865, Acts of 1919, that purported to validate the collection. The act was pleaded. The plaintiff demurred setting up

Article I, § 10, and the Fourteenth Amendment of the Constitution of the United States, but the Supreme Court rendered judgment for the defendant on the ground that the plea was good. 80 Fla. 252.

Stripped of conciliatory phrases the question is whether a state legislature can take away from a private party a right to recover money that is due when the act is passed. The argument that prevailed below was based on the supposed analogy of *United States* v. *Heinszen & Co.*, 206 U. S. 370, (*Rafferty* v. *Smith, Bell & Co.*, 257 U. S. 226,) which held that Congress could ratify the collection of a tax that had been made without authority of law. That analogy, however, fails. A tax may be imposed in respect of past benefits, so that if instead of calling it a ratification Congress had purported to impose the tax for the first time the enactment would have been within its power. *Wagner* v. *Baltimore*, 239 U. S. 207, 216, 217. *Stockdale* v. *Atlantic Insurance Co.*, 20 Wall. 323. But generally ratification of an act is not good if attempted at a time when the ratifying authority could not lawfully do the act. *Bird* v. *Brown*, 4 Exch. 786, 799. If we apply that principle this statute is invalid. For if the Legislature of Florida had attempted to make the plaintiff pay in 1919 for passages through the lock of a canal, that took place before 1917, without any promise of reward, there is nothing in the case as it stands to indicate that it could have done so any more effectively than it could have made a man pay a baker for a gratuitous deposit of rolls.

It is true that the doctrine of ratification has been carried somewhat beyond the point that we indicate, in regard to acts done in the name of the Government by those who assume to represent it. *Tiaco* v. *Forbes*, 228 U. S. 549, 556. It is true also that when rights are asserted on the ground of some slight technical defect or contrary to some strongly prevailing view of justice, Courts have

allowed them to be defeated by subsequent legislation and have used various circumlocutions, some of which are collected in *Danforth* v. *Groton Water Co.,* 178 Mass. 472, 477. *Dunbar* v. *Boston & Providence R. R. Co.,* 181 Mass. 383, 385. In those cases it is suggested that the meaning simply is that constitutional principles must leave some play to the joints of the machine.

But Courts can not go very far against the literal meaning and plain intent of a constitutional text. Defendant owed the plaintiff a definite sum of money that it had extorted from the plaintiff without right. It is hard to find any ground for saying that the promise of the law that the public force shall be at the plaintiff's disposal is less absolute than it is when the claim is for goods sold. Yet no one would say that a claim for goods sold could be abolished without compensation. It would seem from the first decision of the Court below that the transaction was not one for which payment naturally could have been expected. To say that the legislature simply was establishing the situation as both parties knew from the beginning it ought to be would be putting something of a gloss upon the facts. We must assume that the plaintiff went through the canal relying upon its legal rights and it is not to be deprived of them because the Legislature forgot.

*Judgment reversed.*