## ATLANTIC MACARONI CO., Inc., v. CORWIN.

### No. 6795.

District Court, E. D. New York.

May 1, 1936.

Duryee, Zunino & Amen, of New York City (Henry L. deGive and Platt W. Dockery, both of New York City, of counsel), for plaintiff.

Leo J. Hickey, U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., for defendant.

GALSTON, District Judge.

The United States Attorney moves to dismiss the complaint on the ground that it seeks recovery from the United States, through the collector of internal revenue, of certain internal revenue taxes erroneously alleged to have been assessed and collected by the defendant, and fails to allege the filing with the Commissioner of Internal Revenue of a claim for refund.

The complaint alleges that the plaintiff was engaged in the manufacture and sale of spaghetti, macaroni, noodles, and alimentary pastes; that on July 9, 1933, it had in its possession a large amount of wheat flour for the purposes of its business; that in August, 1933, the defendant, while collector of internal revenue for the First District of New York, demanded of the plaintiff the sum of $8,-770.32 as a tax imposed by the Act of Congress of May 12, 1933, c. 25, title 1, § 16, 48 Stat. 31, 40 (Agricultural Adjustment Act, U.S.C. title 7, § 616 [7 U.S.C.A. § 616]). Plaintiff refused to pay this sum and defendant threatened that unless it was paid plaintiff would be treated as a delinquent and its property seized. Under the coercion of the demand, the plaintiff paid the sum demanded to the defendant.

The plaintiff alleges that the act and the taxes imposed were and still are contrary to the Constitution of the United States. Accordingly, plaintiff demands judgment against the defendant in the sum of $8,770.32. The complaint was filed July 11, 1935.

Since the filing of the complaint, the Supreme Court, on January 6, 1936, in United States v. William M. Butler et al., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. —, affirmed the order of the United States Circuit Court of Appeals, 78 F.(2d) 1, which reversed the order of the District Court, 8 F.Supp. 552. That court had rendered judgment holding the taxes imposed valid and ordering them paid.

Accordingly, the plaintiff here contends that the act in question, having been declared unconstitutional, the procedural parts fall with the substantive parts, and cites: Trusler v. Crooks (1926) 269 U.S. 475, at page 482, 46 S.Ct. 165, 70 L.Ed. 365; Connolly v. Union Sewer Pipe Co. (1902) 184 U.S. 540, 565, 22 S.Ct. 431, 441, 46 L.Ed. 679; Ogden City v. Armstrong (1897) 168 U.S. 224, 18 S.Ct. 98, 42 L.Ed. 444; Pollock v. Farmers' Loan & Trust Co. (1895) reargument 158 U.S. 601, at page 635, 15 S.Ct. 912, 39 L.Ed. 1108; Spraigue v. Thompson (1886) 118 U.S. 90, 6 S.Ct. 988, 30 L.Ed. 115; Poindexter v. Greenhow (Virginia Coupon Cases) (1884) 114 U.S. 270, 5 S.Ct. 903, 962, 29 L.Ed. 185.

In Trusler v. Crooks, supra, the validity of section 3 of the Future Trading Act (c. 86, 42 Stat. 187) was under consideration; previously in Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822, the major part of the plan had been condemned and it was held, therefore, that section 3, being a mere feature without separate purpose, must share the invalidity of the whole, despite the fact that section 11 of the act provided, "that if any provision of this Act * * * is held invalid, the validity of the remainder of

the Act * * * shall not be affected thereby." This case does not stand for the proposition asserted by the plaintiff that the procedural provisions fall with the substantive.

Connolly v. Union Sewer Pipe Co., supra, holds no more than the well-understood proposition that "if different sections of a statute are independent of each other, that which is unconstitutional may be disregarded, and valid sections may stand and be enforced. But if an obnoxious section is of such import that the other sections without it would cause results not contemplated or desired by the legislature, then the entire statute must be held inoperative." This was not an action to recover money from the government or any of its administrative agencies and clearly is not in point.

Ogden City v. Armstrong, supra, likewise is of no value in the determination of the question involved here because the remedial provision in respect to claims or actions for refund was not part of the statute in question.

Pollock v. Farmers' Loan & Trust Co., supra, Spraigue v. Thompson, and Poindexter v. Greenhow (Virginia Coupon Cases), supra, are equally unavailable to the plaintiff and for the same reasons.

On the other hand, the government contends that the validity of the provisions of the Agricultural Adjustment Act, as amended with respect to refunds and recoveries of taxes paid thereunder, is not affected by the determination of the Supreme Court that such taxes are unconstitutional and void.

Section 14 of the statute as originally enacted (U.S.C. title 7, § 614, 7 U.S.C.A. § 614) provides that if any provision of the title is declared unconstitutional, the validity of the remainder shall not be affected thereby.

On August 24, 1935, a time subsequent to the filing of the complaint herein, the Agricultural Adjustment Act was amended; chapter 25, 48 Stat. 31, as amended by the Act of August 24, 1935; chapter 641, 49 Stat. 750 (7 U.S.C.A. § 601 et seq.).

The amendment, U.S.C. title 7, § 623 (d), 7 U.S.C.A. § 623, in part provides:

"No recovery, recoupment, set-off, refund, or credit shall be made * * * for any amount of any tax, * * * which accrued before, on, or after the date of the adoption of this amendment [August 24, 1935] * * * unless, after a claim has been duly filed, it shall be established, in addition to all other facts required to be established, to the satisfaction of the Commissioner of Internal Revenue, and the Commissioner shall find and declare of record, * * * that neither the claimant nor any person directly or indirectly under his control or having control over him, has, directly or indirectly, included such amount in the price of the article with respect to which it was imposed or of any article processed from the commodity with respect to which it was imposed, or passed on any part of such amount to the vendee * * * and that the price paid by the claimant * * * was not reduced by any part of such amount."

The validity of the provisions of the act as thus amended was not considered by the Supreme Court in United States v. Butler et al., since the opinion declares that the court was concerned only with the original act.

It may be noted that in no part of the amended act is it expressly provided that the amendment shall apply to suits which had been begun before its adoption.

What effect then, if any, did the amendment of August 24, 1935, have on suits then pending which sought recovery of taxes unlawfully collected? In Graham & Foster v. Goodcell, 282 U.S. 409, 51 S.Ct. 186, 194, 75 L.Ed. 415, the court considered suits which had been instituted to recover taxes involuntarily paid. There was no question as to the original liability of the taxpayers. The tax was a valid one. Delay in collection had followed upon the taxpayer's request and in the mistaken belief on the part of the administrative authorities that a statute of limitations did not bar collection, and the delay had continued until after the statute had run. On the discovery of the mistake, the Congress sought to prevent a refund of the amount thus collected. The question presented was whether in those circumstances the case was removed from the operation of the general rule that it is not consistent with due process to take away from a private party a right to recover an amount due prior to the enactment.

After the consideration of Forbes Boat Line v. Board of Commissioners, 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647; United States v. Heinszen & Co., 206 U.S.

370, 27 S.Ct. 742, 51 L.Ed. 1098, 11 Ann. Cas. 688; Macleod v. United States, 229 U.S. 416, 33 S.Ct. 955, 57 L.Ed. 1260; Rafferty v. Smith, Bell & Co., Ltd., 257 U.S. 226, 42 S.Ct. 71, 66 L.Ed. 208; Charlotte Harbor & Northern Railway Co. v. Welles, 260 U.S. 8, 43 S.Ct. 3, 67 L.Ed. 100, and Hodges v. Snyder, 261 U.S. 600, 43 S.Ct. 435, 67 L.Ed. 819, Mr. Justice Hughes observed:

"It is apparent, as the result of the decisions, that a distinction is made between a bare attempt of the legislature retroactively to create liabilities for transactions which, fully consummated in the past, are deemed to leave no ground for legislative intervention, and the case of a curative statute aptly designed to remedy mistakes and defects in the administration of government where the remedy can be applied without injustice. Where the asserted vested right, not being linked to any substantial equity, arises from the mistake of officers purporting to administer the law in the name of the Government, the legislature is not prevented from curing the defect in administration simply because the effect may be to destroy causes of action which would otherwise exist. 'The power is necessary that government may not be defeated by omissions or inaccuracies in the exercise of functions necessary to its administration.'"

To distinguish the case at bar from Graham & Foster v. Goodcell, supra, by asserting that the amendment of the Agricultural Adjustment Act of August, 1935, was not for the purpose of correcting a mere mistake of government officers in administering the law, in no way detracts from the principle enunciated. Nor does a controlling distinction result from the declaration of invalidity of the tax in United States v. Butler, supra. The original act of May 12, 1933 (48 Stat. 31), having failed to provide adequately for the refunds of taxes illegally or unlawfully assessed, it was within the power of the Congress to amend the act by correcting the defect. The effect of the amendment is not to deprive the plaintiff of a substantive right, as it contends, but merely to compel it and all others in the same class, in order to assert a right to recover, to pursue the remedy set forth. In essence, what the plaintiff wants is the money paid as the result of an unlawful exaction. The amendment, though compelling proof beyond the mere payment of the unlawful exaction, does not deprive the plaintiff of the right to recover. The clear purpose of the remedial amendment is to prevent the taxpayer from securing an unjust enrichment.

Provisions such as are found in the Agricultural Act, as amended, were considered in United States v. Jefferson Electric Co., 291 U.S. 386, 54 S.Ct. 443, 448, 78 L.Ed. 859. There the Revenue Act of 1928 was under consideration and the same objections were raised to section 424 (a) (2), 45 Stat. 866, as are here raised to the Agricultural Adjustment Act. Mr. Justice Van Devanter said:

"We cannot assent to the view that a court may give a judgment awarding the taxpayer a refund without inquiring whether he has born the burden of the tax or has reimbursed himself by collecting it from the purchaser."

Again:

"We do not perceive in the restriction any infringement of due process of law. If the taxpayer has borne the burden of the tax, he readily can show it; and certainly there is nothing arbitrary in requiring that he make such a showing. If he has shifted the burden to the purchasers, they and not he have been the actual sufferers and are the real parties in interest; and in such a situation there is nothing arbitrary in requiring, as a condition to refunding the tax to him, that he give a bond to use the refunded money in reimbursing them. Statutes made applicable to existing claims or causes of action and requiring that suits be brought by the real rather than the nominal party in interest have been uniformly sustained when challenged as infringing the contract and due process clauses of the Constitution."

A compliance with the provisions of the amendment not having been shown, the motion to dismiss must be granted, without prejudice.

Settle order on notice.