358 So.2d 846 (1978)
The CITY OF DUNEDIN, Florida, a Municipal Corporation, Appellant,
v.
CONTRACTORS AND BUILDERS ASSOCIATION OF PINELLAS COUNTY Etc., et al., Appellees.
No. 77-1110.
District Court of Appeal of Florida, Second District.
May 5, 1978.
*847 C. Allen Watts of Fogle, Watts, Biernacki & Fogle, P.A., DeLand, for appellant.
John T. Allen, Jr., P.A., St. Petersburg, for appellees.
RYDER, Judge.
We are revisited by adversaries in a case involving the authority of a municipality to charge a so-called "impact fee" for the privilege of connecting to its water and sewer systems. This time, the issue is whether appellees are entitled to refund of impact fees previously paid under protest to the City of Dunedin.
In City of Dunedin v. Contractors and Builders Association of Pinellas County, 312 So.2d 763 (Fla.2d DCA 1975), we reversed the judgment of the trial court and held certain ordinances adopted by Dunedin in 1972 which imposed "impact fees" valid and enforceable. A properly drafted impact fee ordinance is lawful and not an unauthorized tax. We, however, were concerned by the fact that the terms of the City's ordinances did not unequivocally mandate the use of the funds for capital improvements of the water and sewer systems, but nevertheless opined the ordinance was valid since the City had in fact earmarked the proceeds for capital improvements to the systems as a whole. Thereafter, we certified the matter to the Supreme Court as one of great public interest.
The Supreme Court, in Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976), agreed, in general, with this court's reasoning regarding the validity of imposing impact fees, but held the Dunedin ordinances defective for failure to spell out necessary restrictions on the use of fees collected. Thus, the Supreme Court quashed this court's opinion and remanded the matter to the trial court for further proceedings consistent with its opinion.
While the prior appeal was pending, the City of Dunedin had enacted Ordinance No. 74-19. Ordinance 74-19 provided that the proceeds accumulated by the fees can be used only for the expansion of the water or sewer system and trust funds were established therefor. After remand, the City enacted Ordinance No. 76-19. Ordinance 76-19 provided that the use of any funds previously collected under the 1972 Ordinances is restricted to extension or construction of new additions to the treatment plant and systems so as to meet the increased demand which additional connections to the system create.
Also during the appeal of this case, due to the dire need for sewer and water system expansion, the City of Dunedin engaged in the issuance of bonds in 1974 for enlargement of the City's sewer and water system. However, the disputed impact fees still remain in escrow and have not been spent.
After remand from the Supreme Court, the trial court conducted proceedings. A motion for summary judgment by the City of Dunedin on the basis of these ordinances was denied. The trial court held an evidentiary hearing and subsequently entered its *848 supplemental judgment in which it declared Ordinances 74-19 and 76-19 "legally sufficient to permit the imposition and collection of an impact fee." However, the trial court also stated that the enactment of Ordinances 74-19 and 76-19 could not justify denying appellees their right to a refund of the impact fees they had previously paid under protest. For authority, the trial court cited Forbes Pioneer Boat Line v. Board of Commissioners, 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647 (1921).
Further, the trial court wrote in its supplemental judgment that "though not necessary, it is appropriate to pass upon one other issue raised by the parties" and made the finding that all of the improvements for which the impact fees in issue were collected are now in existence and are being paid from the proceeds of the bond issue floated by the City in 1974. This appeal ensues.
There is no question that a municipality may now impose "impact fees." The only question we have before us now is whether or not those appellees who paid impact fees under protest are entitled to a refund.
The supreme court's decision in Contractors, supra, is the law of the case. Consequently, we affirm that portion of the judgment finding the ordinances legally sufficient to permit the City to impose and collect impact fees; however, we reverse that portion of the judgment which orders a refund of impact fees paid under protest.
The Forbes case, is inapplicable to the case sub judice. The Forbes case involved the unlawful exaction of tolls by a drainage district from persons utilizing the lock of a canal. As the litigation to recover the fees so collected progressed, the Florida Legislature passed an act that purported to validate their collection. However, the United States Supreme Court held that ratification of an act is not good if attempted at a time when the ratifying authority could not do the act. In other words, the drainage district was without authority to exact a charge for the passage of the plaintiff's boat through the canal, and the United States Supreme Court held that the authority could not be later conferred retroactively by the State Legislature so as to permit the drainage district to keep the charge exacted from plaintiff.
On the contrary, in instant case the City of Dunedin initially had the authority to exact an impact fee and, further, we are very much persuaded by the words of Mr. Justice Hatchett in Contractors, supra, wherein he wrote "... Nothing we decide, however, prevents Dunedin from adopting another sewer connection charge ordinance, incorporating appropriate restrictions on use of the revenues it produces. Dunedin is at liberty, moreover, to adopt an ordinance restricting the use of moneys already collected. We pretermit any discussion of refunds for that reason." [Emphasis ours] 329 So.2d 314 at 322.
The very question of refunds was before the Florida Supreme Court at the time it issued its decision. Had the Supreme Court wished to order a refund of these impact fees to appellees then, it would have done so at that time. However, it pretermited this question to allow the City to adopt an ordinance restricting the use of the moneys already collected. Although Mr. Justice Hatchett also indicated that during the trial court's consideration de novo of the question of refunds the chancellor was at liberty to take into account all pertinent developments since entry of his original decree, we are of the opinion that the City has followed the directions of the supreme court explicitly. It has specifically earmarked the impact funds for the water and sewer system expansion. Those funds may now be used for the purposes of further expansion or retiring bonds issued for the earlier [post-1974] expansion of the system.
Consequently, that portion of the chancellor's supplemental judgment ordering the return of the fees to those persons paying under protest is REVERSED.
BOARDMAN, C.J., and GRIMES, J., concur.