**Byron Keith HOLLAND, Petitioner-Appellant,**

v.

**The DISTRICT COURT, COUNTY OF DOUGLAS, STATE OF COLORADO, and the District Attorney for the Eighteenth Judicial District, Respondents-Appellees.**

No. 86–2778.

United States Court of Appeals, Tenth Circuit.

Oct. 26, 1987.

Wade H. Gately (Richard D. Greene, with him on the briefs), of Banta, Hoyt, Banta, Greene, Hannen & Everall, P.C., Englewood, Colo., for petitioner-appellant.

James C. Sell, Chief Deputy Dist. Atty. (Robert R. Gallagher, Jr., Dist. Atty., with him on the brief), Eighteenth Judicial Dist., Littleton, Colo., for respondents-appellees.

Before McKAY, SEYMOUR, and MOORE, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Byron Keith Holland appeals the denial of his petition for relief under 28 U.S.C. § 2241 claiming that an extended statute of limitations applied in the State of Colorado to his prosecution violates his constitutional

rights under art. I, § 9, cl. 3, and art. I, § 10, cl. 1, and the Fourteenth Amendment of the United States Constitution. We disagree and affirm the denial of the petition for habeas corpus.

At issue in this case is whether an amended statute of limitations, which was later amended itself, was properly applied to bar the dismissal of petitioner's indictment. When the alleged offenses occurred, Colo.Rev.Stat. § 16–5–401(1)(a) (1973) provided a three-year limitation period from the commission of the offense to institute a prosecution for such felonies.[1] On July 1, 1982, the Colorado General Assembly amended § 16–5–401 by the addition of subsections (6) and (7), the former of which is pertinent to this action. Subsection (6) extended the time period for filing charges under §§ 18–3–403 and 18–3–405 an additional seven years if at the time of the commission of the act, the victim is a child under fifteen years of age. Colo.Rev. Stat. § 16–5–401(6) (the 1982 amendment).[2]

On February 27, 1984, a complaint was filed in the Douglas County District Court, State of Colorado, charging petitioner with four counts of sexual assault in the second degree in violation of Colo.Rev.Stat. § 18–3–403(1)(e)[3] and four counts of sexual assault on a child in violation of Colo.Rev. Stat. § 18–3–405.[4] Four of the offenses charged were allegedly committed between May 1 and May 31, 1977. The remaining four counts were alleged to have occurred between June 1 and June 30, 1980, and August 1 and August 31, 1980. At the time of the commission of each of the alleged offenses, the three-year statute of limitations was in effect. For each of the eight counts, the alleged victim was a child under the age of fifteen.

Petitioner moved to dismiss all of the charges, contending the statute of limitations had run. At a hearing on the motion, the prosecutor for Douglas County (the State) confessed the motion as to the 1977 charges, conceding that the original three-year statute of limitations barred their prosecution. However, the State contended that prosecution of the 1980 offenses was not barred because the 1982 amendment extended the time within which to file charges. Petitioner maintained that the amended statute of limitations applied only to offenses committed after its passage. Relying on *United States v. Richardson,* 512 F.2d 105 (3d Cir.1975), the state court held that the 1982 amendment did not apply retroactively to the alleged offenses in the absence of clear legislative intent in the history of the 1982 amendment or the statutory language to overcome the general rule that a statute is presumed to operate prospectively.

The State appealed the decision to the Colorado Supreme Court. While the appeal was pending, the General Assembly amended § 16–5–401, adding § 16–5–401.1, effective July 1, 1985, 1985 Colo.Sess.Laws 615, 616 (the 1985 amendment). This section states:

> The intent of the general assembly in enacting section 16–5–401(6) and (7) in 1982 was to create a ten-year statute of

---

**1.** Colo.Rev.Stat. § 16–5–401(1) (1963) stated:
> Except as otherwise provided by statute applicable to specific offenses or circumstances, no person shall be prosecuted, tried, or punished for any offense unless the indictment, information, complaint, or action for the same is found or instituted within the period of time after the commission of the offense as specified below:
>     ....
>     Other felonies: Three years

**2.** Colo.Rev.Stat. § 16–5–401(6) states: "The period of time during which a person may be prosecuted shall be extended for an additional seven years as to any offense charged under section 18–3–402 or 18–3–403...."

**3.** Colo.Rev.Stat. § 18–3–403(1)(e) states:

**4.** Colo.Rev.Stat. § 18–3–405 states: "Any actor who knowingly subjects another not his or her spouse to any sexual contact commits sexual assault on a child if the victim is less than fifteen years of age and the actor is at least four years older than the victim."

> Any actor who knowingly inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if:
>     ....
>     (e) At the time of the commission of the act, the victim is less than fifteen years of age and the actor is at least four years older than the victim....

limitations as to offenses specified in said subsections committed on or after July 1, 1979.

In its review of the Douglas County District Court's order, the Colorado Supreme Court premised its decision on petitioner's concession that the legislature may extend the statute of limitations for prosecutions not already time-barred as of the effective date of the extension without violating the constitutional prohibition against *ex post facto* laws, provided legislative intent to do so is present. The court, however, focused its discussion on the effect of the 1985 amendment rather than the 1982 amendment. Applying the proposition that subsequent legislative declarations of intent of an earlier statute are entitled to great weight, *NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974), the Colorado Supreme Court held that § 16–5–401.1 provided the "specific and explicit indication of legislative intent ... sufficient to overcome the general presumptions relied on by the trial court...." *People v. Holland*, 708 P.2d 119, 121 (Colo. 1985) (en banc). The court concluded that the 1982 amendment "applies to the prosecution of offenses not already time-barred as of July 1, 1982," *id.*, and reversed and remanded the case for reinstatement of the 1980 charges.

Subsequently, the petitioner sought a writ of habeas corpus under 28 U.S.C. § 2241 raising *ex post facto* and due process issues. The matter was referred to a United States Magistrate pursuant to Rule 605 of the Local Rules of Practice of the United States District Court for the District of Colorado. The magistrate recommended denial of the petition on the grounds that "the extension of an unexpired statute of limitations does not make criminal what was previously acceptable ... increase the punishment or deprive an accused of defenses which existed *at the time the act was committed.*" Since peti-

tioner had failed to demonstrate an *ex post facto* violation, the magistrate concluded the due process challenge could not survive.

After oral argument on review of the magistrate's recommendation,[5] the district court affirmed. Although the court was concerned with the fairness of "taking a piece of '85 legislation and applying it back to '82 to interpret intent,"[6] the court did not believe that the circumstances of this case "amounts to a constitutional challenge of *ex post facto.*" The court found that petitioner's reliance on a prospective application of the 1982 amendment was not the type of reliance that triggers *ex post facto* concerns. The district court concluded that petitioner's constitutional rights are not violated by inserting the 1985 expression of legislative intent into the 1982 amendment to establish its intended retroactive operation.

Petitioner now reurges that the 1985 amendment as applied to his prosecution violates the *ex post facto* clause of the Constitution. Petitioner distinguishes that although his prosecution was not barred on July 1, 1982, the effective date of the extended ten-year statute of limitations, the 1982 amendment was not specifically retroactive in its application; thus, the legislature cannot do in 1985 what it failed to do in 1982. "By increasing the statute of limitations for all specified offenses committed on or after July 1, 1979, the statute totally alters the legal consequences of acts completed up to six years prior to its effective date," petitioner argues. Thus, according to petitioner, the 1985 amendment operates to deprive him of a complete defense that was absolutely vested on August 31, 1983. Petitioner principally relies on *United States v. Richardson*, 512 F.2d at 105, to support the proposition that the legislature must clearly express its intention to make a statute of limitations retroactive and *Forbes Pioneer Boat Line v.*

---

**5.** At the time of the hearing on the petition for habeas corpus, petitioner remained under bond, and a trial date had not been set.

**6.** In response to the court's question during the hearing, the petitioner stated that the parties did

not brief the issue of the impact of § 16–5–401.1 on the amendment since its enactment followed their submission of briefs. Although petitioner sought rehearing before the Colorado Supreme Court on this basis, the motion was denied.

*Bd. of Comm'rs,* 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647 (1922), which prohibited the curative legislation at issue from affecting constitutional rights.

Petitioner's challenge is met and fore-closed by looking to principles of statutory construction. Upon our review of these rules, we have concluded we need not proceed to decide whether the 1982 amendment as written is a violation of the *ex post facto* clause when applied to Mr. Holland.

We begin with the statutory language itself. "What a legislature says in the text of a statute is considered the best evidence of legislative intent or will." 2A C. Sands, *Southerland on Statutory Construction* § 46.03, at 82 (4th ed. 1973) [hereinafter *Southerland* ]. Section 16–5–401(6) states: "The period of time during which a person may be prosecuted *shall be extended for an additional seven years* as to any offense charged under section 18–3–402 or 18–3–403...." (Emphasis added.) Subsection (6) is an amendment by addition to § 16–5–401 (1973) which was reenacted by the legislature in 1982. The language of the original act which subsection (6) amends is unchanged. As a general rule, "[p]rovisions of the original act which are reenacted in the amendatory act, either in the same or equivalent words, are considered a continuation of the original law." *Southerland* § 22.36, at 300. Thus, if we look to the original statute of limitations of three years, the plain language of amended subsection (6) evinces the legislative intent to extend the three-year statute of limitations already in effect an additional seven years provided the victim of the alleged offense is under the age of fifteen at the time of the crime. The language of the 1982 amendment by addition conveys the intention to make this section applicable to those crimes already covered by the reenacted amendment.

Petitioner Holland concedes that at the time of the enactment of the 1982 amendment, his prosecution was not time-barred. However, on appeal, he argues that the 1982 amendment lacks a clear expression of legislative intent to be applied prospec-tively, and, thus, the later 1985 amendment violates the *ex post facto* clause as applied to his prosecution by creating the earlier unexpressed intent in an impermissible manner.[7]

We disagree. Given those principles of statutory construction already discussed, we are satisfied the General Assembly intended the 1982 amendment apply to prosecutions not already time-barred and extend that bar an additional seven years. The provisions of the 1982 amendment are intel-ligible and complete on the subject con-sidered. *Southerland,* § 22.04, at 178. Thus, it is unnecessary for us to look to the 1985 enactment to establish the import of the 1982 amendment recognizing, as we do, that "[c]onstitutional limitations may be complied with, but not avoided by amend-ment." *Id.*

Because the 1982 amendment is clear on its face, we cannot substitute our presump-tions of intent or second-guess the General Assembly. "The states may erect reason-able procedural requirements for trigger-ing the right to an adjudication in the form of statutes of limitation without the federal court interjecting its presumptions to con-strue them." *Logan v. Zimmerman,* 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). We must presume that the legislature sought to extend the statute of limitations for those prosecutions not already barred. In our judgment, the 1985 amendment was unnecessary to clarify the prior intent.

AFFIRMED.

---

**7.** It is only in this latter sense that *United States* *v. Richardson,* 512 F.2d at 105, would apply.