402 So.2d 1155 (1981)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, and Robert Glen Gregg, Appellants,
v.
Daniel Robert KNOWLES, et Ux., Appellees.
No. 59870.
Supreme Court of Florida.
June 25, 1981.
Rehearing Denied September 24, 1981.
*1156 Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellants.
Bruce D. Frankel of Goldberg, Rubinstein & Buckley, Fort Myers, for appellees.
Jim Smith, Atty. Gen. and Richard A. Hixson, Asst. Atty. Gen., Tallahassee, for Attorney General of the State of Florida, amicus curiae.
ENGLAND, Justice.
This case brings us a familiar friend  section 768.28, Florida Statutes (1977), which waives sovereign immunity. When we visited that statute in District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980), we held that public employees were partially indemnified, but not immunized from suit for injuries they inflict in the course of their employment. The legislature promptly changed that result by the enactment of Chapter 80-271, Laws of Florida, and in the course of providing public employees absolute immunity from suit endeavored to give that immunity partially retroactive effect by making it applicable to all lawsuits then pending in trial or appellate courts. Id. § 4. The retroactive effect of the legislation is the crux of the problem in this case.
Daniel Knowles had obtained a jury verdict for $70,000 against the Department of Transportation and one of its employees, Robert Gregg, for a motor vehicle mishap. The trial judge refused to enter a judgment against Gregg because he believed that section 768.28 provided state employees immunity from tort liability for merely negligent acts in the course of their employment. On review of the judge's action, the Second District Court of Appeal had the benefit of our intervening decision in Talmadge, to the effect that state employees were not immune from liability, and the court directed the trial judge to enter judgment for Knowles against Gregg on the jury's verdict.
Chapter 80-271 became effective just ten days before the district court rendered its decision, a fact which was called to the district court's attention by a motion for rehearing. The court reconsidered its decision, aware of the legislature's declaration of partial retroactivity in section 4 of the act, but nonetheless reaffirmed its directive in favor of Knowles. The court declared that Knowles had a "vested right to sue Gregg" which the 1980 statute could not constitutionally abrogate.[1] The district court's declaration that section 4 of chapter 80-271 is invalid is now brought to us by direct appeal under article V, section 3(b)(1), of the Florida Constitution (1980).[2]
The department and Gregg, joined by the attorney general as friend of the Court, contend here that the legislature could validly apply its grant of immunity for public employees to lawsuits then pending in the courts of Florida. Their principal argument is that there exists no "vested right" which is adversely affected by the immunization of public employees, since section 768.28 has merely substituted the state as the financially responsible party. The theme underlying this argument is that the 1980 statute has merely clarified what the legislature always intended with respect to the liability of public employees.
*1157 Knowles views the matter differently. He asserts that he indeed had a "vested" right as a result of his injuries, either in the form of an accrued cause of action  a right to sue Gregg[3]  or in the form of a matured cause of action as a result of the jury's determination of his liability.
It simplifies matters to address first appellants' underlying theme, that the 1980 statute is really a clarification of the original, 1973 statute waiving sovereign immunity. While we acknowledge the legislature's right to enact curative statutes which overcome procedural deficiencies in earlier acts,[4] the 1980 statute is clearly not of that genre.
In our Talmadge decision, we held that the original statute did not grant employees immunity. The appellants offer nothing to document their assertion that the 1980 statute can recharacterize the law as originally enacted. Although the legislature may well have reacted to our Talmadge decision, that fact alone does not revitalize an earlier, omitted legislative purpose. In fact, the legislature's grant of only partial, rather than full retroactivity suggests exactly the opposite.
We have already determined in Talmadge, as best we could, that the immunization of employees was not the legislature's original plan. We searched long and hard to recreate the legislature's will, and taking all factors into account we concluded in Talmadge that section 768.28 had indemnified, but not immunized public employees from personal responsibility. Given the Talmadge decision, we can hardly accept an unsupported suggestion that the 1980 enactment really constituted either a clarification of earlier intent, or a restatement of what had always been the law. Given Talmadge, the 1980 statute can only be what it purports to be  a declaration of public policy by the legislature that the state will henceforth substitute its liability to injured persons for the liability of public employees who are merely negligent.
The question, then, boils down to whether the legislature can do what courts so often do  that is, make a prospective determination of law applicable to persons who are "in the pipeline" because they are already litigating in that very subject area. To determine whether that problem implicates the maxim that retroactive legislation may not impair vested rights, we need first investigate whether Knowles had a "vested" right of some sort  a right to sue Gregg (as the district court said), a right to full recompense for his injuries, or a right to the jury's award. That investigation can best be launched by considering the change in Knowles' position which a retroactive application of the 1980 statute would engender.
Before the statute was passed, Knowles had a jury award for $70,000 against both the Department of Transportation and Gregg.[5] The department's liability limit was $50,000, of course,[6] but under existing law at the time of Knowles' injury (as Talmadge defined it) he had both the right to the entry of a judgment against Gregg and the right to satisfaction of the $20,000 balance of his judgment from Gregg. After the enactment of chapter 80-271, if the position of the department and the attorney general is upheld, Knowles would have only a $50,000 judgment against the department. The detriment to Knowles from an application *1158 of the 1980 change would be his loss of the ability to be recompensed fully for the injuries occasioned by Gregg's negligence, measured here by the jury at $20,000 more than the state by waiver has agreed to provide.
This analysis simplifies the "vested right" question by eliminating any dispute about "causes of action," and against whom they may be enforced. Knowles' right to sue Gregg had been replaced by a jury's determination both that Gregg was liable to Knowles for injuries, and that the damages suffered by Knowles were $70,000.[7] As a matter of principle, it is indisputable that a retroactive application of the 1980 law has taken from Knowles something of value, and that nothing of value has been substituted or otherwise provided.[8]
Under due process considerations,[9] a retroactive abrogation of value has generally been deemed impermissible. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); Bell v. Isthmian Lines, Inc., 363 F. Supp. 156 (M.D.Fla. 1973); McCord v. Smith, 43 So.2d 704 (Fla. 1949). The rule is not absolute, however, and courts have used a weighing process to balance the considerations permitting or prohibiting an abrogation of value. Despite formulations hinging on categories such as "vested rights" or "remedies," it has been suggested that the weighing process by which courts in fact decide whether to sustain the retroactive application of a statute involves three considerations: the strength of the public interest served by the statute, the extent to which the right affected is abrogated, and the nature of the right affected.[10] That analysis is helpful here. Without discoursing unduly on the point, we readily conclude that the balancing of these factors favors Knowles. The statute effects an abrogation of Knowles' right to his full tort recovery,[11] not merely a procedural adjustment of his remedies.[12] That abrogation clearly outweighs the public's interest in the 1980 legislation.[13]
Quoting Mr. Justice Holmes in Forbes Pioneer Boat Line v. Board of Commissioners, 258 U.S. 338, 339, 42 S.Ct. 325, 66 L.Ed. 647 (1922):
Stripped of conciliatory phrases the question is whether a state legislature can take away from a private party a *1159 right to recover money that is due when the act is passed.
We hold, as in Forbes, that it cannot.[14]
The decision of the court below is affirmed.
SUNDBERG, C.J., and OVERTON, ALDERMAN and McDONALD, JJ., concur.
ADKINS, J., concurs in result only.
BOYD, J., dissents.
NOTES
[1] State Dep't of Transp. v. Knowles, 388 So.2d 1045, 1048 (Fla.2d DCA 1980).
[2] All parties understand and concede that this case in no way affects Knowles' judgment against the department, payable to the extent of $50,000 under the sovereign immunity waiver statute. § 768.28(5), Fla. Stat. (1977).
[3] A "cause of action" was defined in Luckie v. McCall Mfg. Co., 153 So.2d 311, 314 (Fla. 1st DCA 1963), cert. denied, 157 So.2d 817 (Fla. 1963).

It consists of the facts which entitle one to institute and maintain a suit in court, and its elements are the invasion of a legal right of the plaintiff without justification or excuse, or the commission or threatened commission of a legal wrong, and the damages resulting therefrom.
[4] E.g., Coon v. Board of Pub. Instruction, 203 So.2d 497 (Fla. 1967).
[5] For purposes of this case, the parties have not raised as a concern a $10,000 judgment awarded to Mrs. Knowles against both the department and Gregg.
[6] § 768.28(5), Fla. Stat. (1977).
[7] In Pinnick v. Cleary, 360 Mass. 1, 271 N.E.2d 592 (1971), the court cogently observed:

In arguing that the cause of action affected by [the new no-fault insurance statute] constitutes a vested property right, the plaintiff seems to ignore the distinction between a cause of action which has accrued and the expectation which every citizen has if a legal wrong should occur to find redress according to the rules of statutory and common law applicable at that time. The Legislature is admittedly restricted in the extent to which it can retroactively affect common law rights of redress which have already accrued.
Id. at 10-11, 271 N.E.2d at 599.
[8] We discount both the contention that Knowles was given a new right to sue the department, since that right existed before the 1980 statute, and the suggestion that Knowles was given the right to apply to the legislature for the balance of his jury award. That right, like the right to his $50,000 judgment against the department, existed before the 1980 amendment. See § 768.28(5), Fla. Stat. (1977).
[9] See Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978); Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation, 73 Harv.L.Rev. 692 (1960).
[10] Hochman, supra note 8, at 696-97.
[11] The strength of a tort recovery in this weighing process was identified in Board of Comm'rs v. Forbes Pioneer Boat Line, 80 Fla. 252, 264, 86 So. 199, 204 (1920), rev'd, 258 U.S. 338, 42 S.Ct. 325, 66 L.Ed. 647 (1922).
[12] See Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978).
[13] Strong policy reasons support the state's desire to immunize its employees from personal liability for on-the-job negligence. Unwillingness of citizens to serve in government without immunity, for example, may be one of those reasons. The state's interests are fully vindicated by prospective application of the grant of immunity, however, and only a potentially modest interest (if any) is served by granting immunity to employees who already have been negligent. See Coombes v. Getz, 285 U.S. 434, 52 S.Ct. 435, 76 L.Ed. 866 (1932).
[14] Cf. Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977) (court held substantive statutory right of immunity from suit could not be withdrawn retroactively by amendatory legislation).