NESBITT, Judge.
The minor plaintiff was injured in October of 1976 while performing gymnastics under the supervision of her public high school physical education instructor. Through her next friend, she commenced this action against the instructor, individually, and the insurer of the Dade County School Board[1] in April of 1980, alleging the instructor’s simple negligence in failing to properly supervise the minor.
Ultimately, the trial court entered summary final judgment in favor of the defendant evidently basing its ruling upon Chapter 80-271, Section 1, Laws of Florida, effective July 1, 1980, and codified as Section 768.28, Florida Statutes (1980 Supp.), which provided absolute immunity to public employees.
The question we must resolve is whether this amended statute may be retroactively applied to a cause of action accruing in 1976. The trial court did not have the benefit of the Supreme Court’s decision in Department of Transportation v. Knowles, 402 So.2d 1155 (Fla.1981) wherein the court held that the statute could not be retroactively applied to void plaintiff’s award which had already been reduced to a judgment. Nonetheless, the language and intent is broad enough to prohibit the retrospective application of the statute to an aggrieved party who filed suit prior to the effective date of the statute. A retroactive application in the present case would effect an abrogation of the plaintiff’s rights, just as it would have in Knowles, supra. Any question to the contrary is resolved by the Court’s reference in Knowles, supra, to its decision in Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977) holding that the substantive statutory right of immunity could not be withdrawn retroactively by amendatory legislation.
Consequently, the viability of plaintiff’s cause of action must be determined with respect to the law in effect prior to the enactment of Chapter 80-271, Section 1, Laws of Florida. Under the provisions of Section 768.28(9), Florida Statutes (1977), it was clear that a public employee was not immune from suit for negligent acts occurring within the scope of his employment, although he was entitled to indemnification.
For the foregoing reasons, the summary judgment is reversed and remanded for further proceedings.

. The School Board was evidently ndt joined as a party defendant due to failure to comply with the notice requirements of Section 768.28(6), Florida Statutes (1977).