416 So.2d 37 (1982)
David C. GALBREATH, Personal Representative of the Estate of Valerie Galbreath, Deceased, Appellant,
v.
Cyril Michael SHORTLE, Appellee.
No. 81-308.
District Court of Appeal of Florida, Fourth District.
June 30, 1982.
Robert J. Cousins and Richard T. Woulfe of Bunnell & Denman, P.A., Fort Lauderdale, for appellant.
Clark J. Cochran, Jr., of Hainline, Billing & Cochran, P.A., and Nancy Little Hoffmann of Law Offices of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellee.
LETTS, Chief Judge.
In 1979, a vehicle driven by a Fort Lauderdale police officer in the course of his employment collided with an automobile driven by the deceased. On October 3, 1980, the deceased's estate filed suit against the City and its employee alleging negligent operation of the vehicle. A motion to dismiss on behalf of the employee was granted predicated on the amendment to Section 768.28(9) effective July 1, 1980 which amendment limits such suits to occasions on which an officer acts in bad faith, with malicious purpose, or exhibits wanton and wilful disregard of human rights. We reverse.
Without protracted discussion, we believe this case is governed by the Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981) which determined that the amendment to the statute should not be retroactively applied. The prior version of this statute, in effect on the date of the accident, permitted causes of action based on negligence. It is true this particular law suit had not yet been filed on the effective date of the amendment and that does represent a factual distinction from the above cited Knowles case. However, we are of the opinion that the date of the accident controls. See Bryant v. School Board of Duval County, Fla., 399 So.2d 417 (Fla. 1st DCA 1981).
REVERSED AND REMANDED.
GLICKSTEIN, J. and OWEN, WILLIAM C., Jr., Associate Judge (Retired), concur.