424 So.2d 925 (1983)
Brenda Lee KIRKLAND, Incompetent, by and through Her Legally Appointed Guardian, Emma Lee KIRKLAND, and John C. Kirkland and Emma Lee Kirkland, As Individuals, Appellants,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES and Northeast Florida State Hospital, an Agency of the State of Florida, and Sonia F. Aznar, M.D., Appellees.
No. AI-305.
District Court of Appeal of Florida, First District.
January 4, 1983.
Rehearing Denied January 28, 1983.
*926 E.C. Deeno Kitchen, Brian S. Duffy and Mary Lee Sweet of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and Althea M. Lachicotte, Jacksonville, for appellants.
Jerrold K. Phillips of Brooks, Callahan & Phillips, Tallahassee, for appellees.
JOANOS, Judge.
Kirkland appeals an order dismissing her amended complaint based upon the principles set forth in Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979). We reverse.
As alleged in the amended complaint, Brenda Kirkland was suffering from a severe and incapacitating mental illness when she was voluntarily committed to the Northeast Florida State Hospital (NFSH) on June 11, 1979. NFSH is supervised and controlled by the State of Florida Department of Health and Rehabilitative Services (HRS). Brenda was treated by Dr. Sonia Aznar, an employee of NFSH and HRS. On July 6, 1979, while a patient at the hospital, Brenda was given a "buddy pass" when she was in an agitated and disoriented state of mind. A "buddy pass" enabled a patient to leave the hospital grounds accompanied by a buddy. Kirkland alleges that Brenda was negligently unsupervised and allowed to leave without a buddy. While outside the hospital, alone and unsupervised, she stepped in front of a truck, resulting in multiple, permanent injuries. Before she was admitted to NFSH, Brenda had tried to hurt herself by stepping in front of cars, which was known by appellees. Kirkland's first suit against HRS and NFSH was amended to add Dr. Aznar. Upon a motion to dismiss, the trial court gave leave to amend as to Dr. Aznar, to allow Kirkland to allege willful and wanton conduct as required by section 768.28(9)(a), Florida Statutes (1980). Kirkland stood on her complaint.
In the first of two points, Kirkland contends that appellees' acts were operational, rather than discretionary, therefore, sovereign immunity was waived. Appellees' counter position is that the acts were discretionary and, therefore, the trial court was correct in dismissing the complaint. In considering the arguments we must, of course, consider the sovereign immunity test of Evangelical United Bretheren Church v. State, 67 Wash.2d 246, 407 P.2d 440 (1965) as adopted by Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979). A search of the amended complaint reveals that there are two alleged acts that may be actionable: (1) that Brenda was given a "buddy pass" when she was in an agitated and disoriented state of mind; and (2) that Brenda was negligently unsupervised and allowed to leave the hospital grounds without a buddy. We describe these as acts that "may" be actionable because at this state of the pleadings we do not have sufficient detail to make that determination. The Commercial Carrier analysis requires a case by case study of the individual facts of a case to *927 determine whether an act is operational or discretionary. As to the alleged facts before us, we do not have sufficient detail to answer the four questions posed in the Evangelical United Bretheren Church case. For instance, we do not know the requirements of the so-called "buddy system" or how and by whom it was established. Nor do we know how and by what authority Brenda was given a "buddy pass." Further, we do not know the factual situation through which she was allowed to leave the hospital grounds without a buddy. Until those facts and perhaps others are known, a determination under Commercial Carrier cannot be made.
A plaintiff must allege ultimate facts, which if proven would support relief. Clark v. Boeing Company, 395 So.2d 1226 (Fla. 3d DCA 1981). Kirkland has failed to allege such ultimate facts, but she should be given the opportunity to amend her complaint. Amendments to pleadings should be freely allowed in the interest of justice so that the merits of the case may be reached. Sapp v. City of Tallahassee, 348 So.2d 363, 366 (Fla. 1st DCA 1977), citing Conklin v. Smith, 191 So.2d 311, 313 (Fla. 1st DCA 1966). Cf. Fla.R.Civ.P. 1.190. The trial court erred in entering a final judgment without granting leave to amend as to this point.
In her second point, Kirkland contends it was error to dismiss her simple negligence suit against Dr. Aznar based upon section 768.28(9)(a), Florida Statutes (1980), which limits suits against state employees personally to situations involving bad faith, malicious purpose or wanton and willful disregard of human rights. Prior to this 1980 amendment, section 768.28(9) permitted suits based on negligence. While this suit was filed after the effective date of the 1980 amendment, Kirkland's cause of action accrued on the date of the accident. The date of the accident controls and the prior version of the statute would apply. See Galbreath v. Shortle, 416 So.2d 37 (Fla. 4th DCA 1982).
Accordingly, the order of the trial court is reversed and this cause is remanded for further proceedings consistent with the above.
LARRY G. SMITH and SHAW, JJ., concur.