426 So.2d 1267 (1983)
Lester C. STILLWELL, As Personal Representative of the Estate of Ruth C. Stillwell, Deceased, Appellant,
v.
Jack B. THIGPEN, Jr., M.D., Individually, Freddie McRae, M.D., Individually, M. Funderburk, M.D., Individually, E.D. Staples, M.D., Individually, and Florida Physicians' Insurance Reciprocal, a Corporation, Appellees.
No. AN-124.
District Court of Appeal of Florida, First District.
February 14, 1983.
C. Wayne Alford, T. Edward McClamma, of Sinoff & Alford, Jacksonville, for appellant.
James E. Cobb, Jack W. Shaw, Jr., Mary Bland Love, of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellant seeks review of an order granting summary judgment in favor of appellees. In entering this order the trial court ruled that § 768.28(9)(a), Florida Statutes (1980), precludes appellant's medical negligence action. We conclude that the statute may not constitutionally be applied *1268 to this cause of action which accrued prior to the effective date of the statute, and we therefore reverse the order appealed.
Section 768.28(9)(a), Florida Statutes (1980), provides that:
No officer, employee, or agent of the state or its subdivision shall be held personally liable in tort or named as a party defendant in any action for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The act became law on July 1, 1980, and is expressly made applicable to all actions pending or filed after July 1, 1980. See Laws of Florida, Chapter 80-271, § 4. The complaint in the present case alleges simple negligence, and the action was filed after July 1, 1980, but relates to a cause of action which accrued prior to July 1, 1980. In these circumstances constitutional considerations of due process preclude the retroactive application of § 768.28(9)(a). Cf., State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981); Bryant v. School Board of Duval County, 399 So.2d 417 (Fla. 1st DCA 1981); also cf., Kirkland v. State, 424 So.2d 925 (Fla. 1st DCA 1983). While none of these cases involved a wrongful death action, which was unknown at common law, this circumstance does not impact Knowles' due process rationale. Knowles indicates that the relevant considerations are:
1) The strength of the public interest served by the statute;
2) The extent to which the right affected is abrogated; and
3) The nature of the right affected.
Noting that the statute "effects an abrogation of [plaintiff's] right to his full tort recovery, not merely a procedural adjustment of his remedies" [footnotes omitted], Knowles determined that the balancing of these factors weighed in favor of prohibiting retroactive application of the statute. That the present cause of action was one unknown at common law does not substantially alter this balancing process, and due process considerations thus preclude retroactive application of the statute in this instance. Accord, Galbreath v. Shortle, 416 So.2d 37 (Fla. 4th DCA 1982).
Appellee has suggested that the present action is also precluded, under § 768.28(6), Florida Statutes, by appellant's failure to present the claim in writing "to the appropriate agency." However, by its literal terms § 768.28(6) applies only to actions "instituted on a claim against the state or one of its agencies or subdivisions... ." The present action does not involve such a claim and § 768.28(6) is therefore inapplicable in this case.
Accordingly, the order appealed is reversed and the cause remanded for further proceedings.
SHIVERS and JOANOS, JJ., concur.