448 So.2d 1041 (1983)
Lawrence Wayne ARNEY, Appellant,
v.
DEPARTMENT OF NATURAL RESOURCES, et al., Appellees.
No. AQ-276.
District Court of Appeal of Florida, First District.
December 29, 1983.
As Corrected on Rehearing April 11, 1984.
*1043 Donald M. Hinkle of Green & Fonvielle, Tallahassee, for appellant.
W. Crit Smith and Thomas A. Waddell of Boyd & Smith, Tallahassee, for appellees.
MILLS, Judge.
This case presents the question of whether the trial court erred when it granted final summary judgment for the defendants in a civil suit for false arrest, false imprisonment, malicious prosecution, and civil rights violations. We are also asked to decide whether dismissal of an executive agency of the State of Florida from one count of the complaint was error. We reverse in part and affirm in part.
Arney was operations manager for Seminole Refining, Inc. (Seminole) at Seminole's petroleum refinery near the St. Marks River. Kinnard, another Seminole employee, was terminal manager and in charge of terminal facilities. On 9 March 1980, oil from holding ponds at the refinery had overflowed into a ditch and may have been escaping into the river. Whatever the case, there was oil on the river near the refinery.
Meanwhile, someone at a municipal power plant near the river notified the Department of Natural Resources (DNR) that oil was on the river. DNR dispatched Florida Marine Patrol Officer Stevens to investigate. Arney was at the refinery when Stevens arrived. Stevens talked with Kinnard, and he then talked with Arney. Whether either Arney or Kinnard made it clear to Stevens that Arney was not in charge of the terminal facility is a disputed matter.
Two days later, on 11 March 1980, Stevens was summoned to a meeting in Tallahassee with DNR Executive Director Gissendanner, DNR Division of Law Enforcement Director Brown, DNR Attorney Zaiser, and Assistant Department Secretary Walker. The purpose of the meeting was to decide what to do about the oil on the St. Marks River.
What actually happened at the meeting is not clear, but later that day Stevens arrested Arney. Arney was charged with failing to report an oil spill, a violation of Section 376.12(7), Florida Statutes (1981), and a third degree felony. DNR officials made statements to the public and the press that there had been an oil spill and that Arney had been arrested in connection with the spill.
Section 376.12(7) provides in part:

*1044 In addition to the civil penalty, the pilot and the master of any vessel or person in charge of any terminal facility who fails to give immediate notification of a discharge to the department or the nearest Coast Guard station shall be guilty of a felony in the third degree... . The department shall, by rules and regulations, require that the registrant designate a person at the terminal facility who shall be the person in charge of that facility for the purposes specified by this section.
At the time of Arney's arrest, DNR had not adopted rules or regulations requiring designation of persons in charge of terminal facilities for the purposes of Section 376.12(7). For that reason, the case against Arney was nolle prosequi.
After the charges were dropped, Arney filed suit against DNR, Gissendanner, Brown, and Stevens. Count I of the complaint alleged false arrest and false imprisonment; Count II alleged malicious prosecution; Count III sought declaratory relief under 42 U.S.C. § 1983; and Count IV sought damages under 42 U.S.C. § 1983. Each count was against all defendants.
The defendants moved to dismiss Counts III and IV of the complaint. The trial court partially granted the motion dismissing DNR with prejudice as to Count IV. One year later, the trial court granted final summary judgment for all defendants on all counts. Arney appeals from the summary judgment and from the dismissal of DNR as to Count IV.
The crucial inquiry in determining if summary judgment for the individual defendants on Counts I and II was proper is whether, as a matter of law, there was probable cause to arrest Arney. If it was reasonable to believe that Arney had committed a crime, all necessary elements of false arrest, false imprisonment, or malicious prosecution simply could not be proven. Furthermore, if the uncontroverted facts show probable cause existed, summary judgment was proper. But if the facts indicating probable cause are disputed, the question is for the trier of fact and should not be resolved summarily.
Arney contends that the individual defendants knew or should have known he was not in charge of the terminal facility and not on duty at the time of the spill and, therefore, that he was not the proper person to charge under Section 376.12(7). Whether Kinnard told Stevens before Arney's arrest that Kinnard and not Arney was in charge of the terminal facility is disputed. There is also dispute as to whether Arney told Stevens before his arrest that he was not the terminal manager. In addition, there is evidence that Stevens had previously prepared a report for other purposes designating Kinnard as the person in charge of the terminal facility. These are factual issues that must be resolved before probable cause is determined.
The defendants assert that DNR Attorney Zaiser advised Stevens to arrest Arney. Advice of counsel is a valid defense if counsel is aware of the relevant facts and if the arrest is made pursuant to counsel's advice. Applestein v. Preston, 335 So.2d 604 (Fla. 3d DCA 1976).
However, it is not clear that Zaiser advised Stevens to arrest Arney. Nor is it clear that Zaiser was aware of the relevant facts. Zaiser stated in his deposition that he was not aware of all the facts and had not been to the scene of the spill. Here, the applicability of the advice of counsel defense is also a question for the trier of fact.
Having determined that the trial court erred in granting summary judgment for the individual defendants as to Counts I and II, we now turn to the question of whether the trial court erred in granting summary judgment for DNR as to those counts.
Section 768.28(9)(a), Florida Statutes (Supp. 1980), precludes civil suits against a governmental entity when the plaintiff alleges that a government employee acted in a wanton, willful, or malicious manner. Defense counsel contended that Rupp v. Bryant, 417 So.2d 658 (Fla. 1982), held that any suit filed after the effective date of *1045 Section 768.28(9)(a) was subject to that provision. The trial court apparently agreed and granted summary judgment for DNR on Counts I and II based on Rupp v. Bryant. The trial court, however, did not have the benefit of Stillwell v. Thigpen, 426 So.2d 1267 (Fla. 1st DCA 1983), decided after summary judgment was granted in this case.
In Stillwell, we held, based on due process considerations, that Section 768.28(9)(a) does not apply to causes of action accruing before the effective date of that provision. Rupp v. Bryant held that a vested right cannot be abolished retroactively. Stillwell addressed the question of when those rights vest. In light of Stillwell, it was error for the trial court to grant summary judgment for DNR on Counts I and II.
The trial court also granted summary judgment for the individual defendants on Count IV. This too was error. In a 42 U.S.C. § 1983 action, state officials acting in their executive capacity to enforce the law have qualified immunity. Owen v. City of Independence, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); Penthouse, Inc. v. Saba, 399 So.2d 456 (Fla. 2d DCA 1981). Such officials are immune from liability if they reasonably believed they acted lawfully.
In this case, the reasonableness of the defendants' actions depends upon whether there was probable cause to arrest Arney. If the individual defendants reasonably believed Arney had violated the law, they acted in good faith and are immune. As we have already determined, there is a factual dispute as to the existence of this reasonable belief. Consequently, summary judgment for the individual defendants on Count IV was improper.
Not only was summary judgment on Count IV improper as to Stevens who actually made the arrest, but it was also improper as to Gissendanner and Brown. The assertion that these defendants acted only in a ministerial capacity is disputed. Arney contends that either or both of these defendants initiated his arrest. If so, they may also be liable.
Arney contends dismissal of DNR as to Count IV was improper. We disagree. Section 1983 only provides for suits against "persons." Florida is not a person within the meaning of § 1983 and, therefore, is not subject to a § 1983 claim for damages by way of a suit against DNR, an arm of state government. Cheramie v. Tucker, 493 F.2d 586 (5th Cir.1974), cert. denied, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974); Florida Businessmen for Free Enterprise v. Florida, 499 F. Supp. 346 (N.D.Fla. 1980).
The trial court granted summary judgment for the defendants as to Count III which sought a declaratory judgment. This was proper because Arney sought a determination of purely factual issues. Food Fair Stores, Inc. v. Vanguard Inv. Co. LTD, 298 So.2d 515 (Fla. 3d DCA 1974).
Affirmed in part, reversed in part, and remanded for proceedings consistent with this decision.
THOMPSON and WIGGINTON, JJ., concur.