PER CURIAM.
This cause is before us on appeals, consolidated in this court, from orders of the trial court dismissing various counts of a complaint in tort filed against the Department of Professional Regulation (DPR) and Frederick Wilsen, Attorney for DPR, based on sovereign immunity, and granting summary judgment for Wilsen based on prose-cutorial immunity. After the decision below in Case No. AO-319, this court rendered its opinion in Arney v. Department of Natural Resources, 448 So.2d 1041, (Fla. 1st DCA, 1983), which held that Section 768.28(9)(a), Florida Statutes, would not be applied retroactively to causes of action accruing before the effective date of that provision. In view of the Arney decision, the trial court should not have dismissed the counts of the complaint based on a retroactive application of Section 768.-28(9)(a), Florida Statutes (Supp.1980). However, the trial court correctly determined that prosecutorial immunity applied, relying on the rationale of Mueller v. The Florida Bar, 390 So.2d 449 (Fla. 4th DCA 1980). The trial court correctly held, in pertinent part, as follows:
This Court is of the view that the defendant WILSEN was acting within the scope and course of his employment as a staff attorney for the Florida Real Estate Commission and that his actions in filing and prosecuting the complaint against the plaintiffs were in accordance with the responsibilities imposed upon him by his employment. A review of the deposition of Mr. Wilsen does not indicate that he was acting out of any improper motive. This Court is of the view that the actions of Mr. Wilsen are privileged and that he enjoys prosecutorial immunity based on the rationale set forth in the case of Mueller v. The Florida Bar, 390 So.2d 449, and that therefore the motion for summary judgment should be granted.
Review of the complaint below in the light of Mueller, supra, and the summary-judgment in favor of Wilsen based on pros-ecutorial immunity, mandates affirmance of both the order of dismissal and the summary final judgment.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.