469 So.2d 869 (1985)
CITY OF NORTH BAY VILLAGE and Officer J. Ort, Appellants,
v.
Bart David BRAELOW, Appellee.
No. 84-201.
District Court of Appeal of Florida, Third District.
May 14, 1985.
Rehearing Denied June 17, 1985.
*870 Lee Weissenborn, Miami, for appellants.
Friedman & Miller and Robert B. Miller, North Miami Beach, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
The appellants, the City of North Bay Village and Officer J. Ort, contest the adverse final judgment and order denying their motion for new trial and/or for entry of a remittitur. We affirm.
The plaintiff, Bart David Braelow, was unnecessarily injured by Officer Ort while the officer was acting within the course and scope of his employment. Braelow brought an action against Officer Ort individually for the alleged battery and against the city for its alleged negligence in failing to relieve the officer of his duties when it knew or should have known of his propensity for violence.
The actions were consolidated and proceeded to trial. The jury returned a verdict in favor of Braelow for $100,000. Thereafter, the city filed a motion to conform the judgment to the requirements of section 768.28, Florida Statutes (1979), and a motion for new trial and/or remittitur. The motion for remittitur contended that section 768.28(9), Florida Statutes (1979), prohibited the entry of a judgment against Ort and prohibited the entry of a judgment against the city in excess of $50,000. The motion for new trial asserted that the court committed reversible error in refusing to read the city's special jury instructions which consisted of the criminal statutes under which Braelow had originally been charged and, further, that the verdict was so excessive that it should shock the conscience of the court and was induced by prejudice, anger or sympathy on the part of the jury. After two hearings, the trial court denied the motion for new trial and denied the remittitur. In its order the court acknowledged that the law in effect at the time the cause of action arose limited recovery from the city to the amount of $50,000 and noted that there was no limitation upon the recovery by Braelow against the officer. The court amended the final judgment accordingly.
In this appeal the city raises the identical three points asserted below, i.e., that section 768.28(9), Florida Statutes (1979) bars recovery against the officer, that it was reversible error to exclude from the jury instructions the three criminal statutes, and that the verdict was excessive.
Initially, we note that the date of the incident controls the determination of which of the several different versions of section 768.28(9) applies. Stillwell v. Thigpen, 426 So.2d 1267 (Fla. 1st DCA 1983); Kirkland v. State, Department of Health & Rehabilitative Services, 424 So.2d 925 (Fla. 1st DCA 1983); Galbreath v. Shortle, 416 So.2d 37 (Fla. 4th DCA 1982). As the incident complained of occurred on November 29, 1979, the applicable statute is section 768.28(9), Florida Statutes (1979), which provides:
(9) No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for a final judgment which has been rendered against him for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
*871 The question we must decide is whether this governmental employee, Officer Ort, can be held personally liable for his negligent conduct occurring in the course of his duties under the 1979 statute. Since section 768.28 was amended in 1980 to relieve governmental employees from personal liability for their negligent acts and to limit the remedy for injuries suffered as a result of the employees' negligent conduct to an action only against the governmental agency, Ch. 80-271, Laws of Fla., effective June 30, 1980; § 768.28(9), Fla. Stat. (Supp. 1980), this is a very narrow question. We are guided in our decision by the Florida Supreme Court's opinion in Rupp v. Bryant, 417 So.2d 658 (Fla. 1982) (Overton, J., spec. concurring). In Rupp v. Bryant the Court made clear that actions commenced prior to the 1980 amendment could be maintained against a state employee for his ordinary negligence in carrying out ministerial (though not discretionary) duties in the course of his employment. Rupp v. Bryant, 417 So.2d at 662, 663. See also Everton v. Willard, 468 So.2d 936, 940 (Fla. 1985) (Shaw, J., dissenting). The standard for determining a public servant's liability is predicated on the type of act the employee had undertaken when the injury occurred. Reddish v. Smith, 468 So.2d 929, 934 (Fla. 1985). Applying the criteria set forth in these cases, we hold that Braelow has met the necessary requirements.
First, Braelow has shown a special and direct interest in the officer's performance of his duty in that the serious personal injury sustained by Braelow constituted "special damages." Rupp v. Bryant, 417 So.2d at 664. Second, at the time the injuries occurred, Ort was engaged in ministerial duties; that is, having already made the decision to arrest, he was engaged in activities incident to carrying out that decision. At that point, Ort owed a duty, which was specific to Braelow and to no other person, to act with reasonable care. The jury found that there was a duty owed, the duty was breached and injuries resulted from the breach, and thereafter awarded Braelow $100,000. While the city can be liable only for $50,000, § 768.28(5), Fla. Stat. (1979), it, in essence, indemnifies the officer for that sum of money and he remains liable for the balance. State, Department of Transportation v. Knowles, 402 So.2d 1155, 1157 (Fla. 1981). We conclude therefore that the trial court acted properly in conforming the judgment by limiting the city's liability to $50,000 and imposing liability on the officer for the excess. The order denying the new trial and/or remittitur is hereby affirmed.
With regard to the city's contention that it was error to exclude from the jury the three criminal statutes under which Braelow was originally charged, we find no reversible error. The record reveals that the series of instructions, considered as a whole, correctly stated the law. Metropolitan Dade County v. Brill, 414 So.2d 626 (Fla. 3d DCA 1982); Edwards v. Poe, 203 So.2d 188 (Fla. 2d DCA 1967). An appellate court will not reverse a final judgment based upon incorrect or non-applicable instructions unless the error resulted in a miscarriage of justice; a miscarriage of justice occurs where instructions may reasonably have confused or misled the jury. Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla. 1962); LaFleur v. Castlewood International Corp., 294 So.2d 21 (Fla. 3d DCA 1974).
The city's third assertion, that the verdict was excessive and shocked the conscience of the court is not meritorious where the record does not reveal that the jury was influenced by passion or prejudice and the city has not met its burden of showing that the verdict was unsupported by the evidence. Bould v. Touchette, 349 So.2d 1181 (Fla. 1977). A verdict which has been approved by the trial court as to amount should not be disturbed on appeal if it has a reasonable relation to the damages proven. Florida Power & Light Co. v. Robinson, 68 So.2d 406, 415 (Fla. 1953). A verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly *872 operate. Bould v. Touchette, 349 So.2d at 1185. Accordingly, the final judgment and the order denying a new trial and/or remittitur are affirmed.
Affirmed.