477 So.2d 1009 (1985)
Glenn A. RICE, Etc., et al., Appellants,
v.
Emma Grimes LEE, et al., Appellees.
Nos. AZ-365, AZ-404.
District Court of Appeal of Florida, First District.
July 2, 1985.
James F. McKenzie, of McKenzie & Associates, Pensacola, for appellants.
Robert A. Emmanuel, H. Jan Roltsch, of Emmanuel, Sheppard & Condon, Pensacola, for appellees.
THOMPSON, Judge.
Glenn Rice and his parents, John and Shirley Rice, who were the plaintiffs and the prevailing parties after trial of this negligence action, appeal an order granting new trial. The Santa Rosa County School Board (Board), together with Bennett Russell, as superintendent of schools, Emma Lee, a Board employee, and the Travelers Insurance Company, (the School Board defendants) cross-appeal the trial court's denial of their motion to limit judgment as to defendant Lee. We affirm on appeal and reverse on cross-appeal.
In his order the trial judge made seven specific findings as a basis for granting a new trial. While any one of the grounds may not have been sufficient in itself to warrant granting a new trial, a review of all seven findings and the record evidence supporting them convinces us that the trial judge was unquestionably correct in determining that the School Board defendants did not receive a fair trial and that a new trial should be granted. When this case is again brought to trial, the parties and the court shall comply with the provisions of § 230.23(9)(d)2, Fla. Stat. Evidence relating to Glenn Rice's claim for future loss of wages may be admitted if he can demonstrate with reasonable certainty that he will incur a loss of future wages as a result of his injuries. However, evidence as to future loss of wages which is predicated on speculative assumptions concerning his future earning capacity (e.g., an assumption, not supported by evidence, that he will never be able to earn more than minimum wage) shall be excluded. Appellants' counsel shall refrain from suggesting to the jury that the School Board defendants attempted to cover up, conceal or otherwise suppress evidence which was not suppressed but which was in fact furnished to *1010 the appellants by the defendants during the ordinary course of discovery.
In his order denying the School Board defendants' motion to limit judgment as to defendant Lee, the trial judge relied on the Florida Supreme Court cases of Rupp v. Bryant, 417 So.2d 658 (Fla. 1982) and State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981), as well as on the decisions of this court in Kirkland v. State Department of Health and Rehabilitative Services, 424 So.2d 925 (Fla. 1st DCA 1983) and Stillwell v. Thigpen, 426 So.2d 1267 (Fla. 1st DCA 1983). The rules of law enunciated in these cases are inapplicable here. The causes of action sued upon in Rupp and Knowles accrued prior to June 6, 1979, the effective date of the 1979 amendments to § 768.28(9), Fla. Stat. Section 768.28(9), (1975), which was applicable in Rupp and Knowles, provided as follows:
No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. Subject to the monetary limitations set forth in subsection (5), the state shall pay any monetary judgment which is rendered in a civil action personally against an officer, employee, or agent of the state which arises as a result of any act, event, or omission of action within the scope of his employment or function. (Emphasis supplied.)
The case of Talmadge v. District School Board of Lake County, 355 So.2d 502 (Fla.2d DCA 1978) (Talmadge I), involved review of a trial court ruling in a negligence action wherein the School Board, its insurer, and one of the Board's employees were named as parties defendant. The trial court had ruled that under the provisions of § 768.28(9), (1975), no cause of action against the employee existed. Accordingly, the trial court dismissed the employee as a defendant in the case. The District Court reversed, holding that the statute acts only to indemnify public employees (up to a stated amount) but does not operate to bar suits against public employees for torts committed in the course of employment. The court further specifically noted "Had the legislature intended that individual employees by immune from suit, they [sic] would have clearly so stated." Talmadge I at 503.
Our Supreme Court affirmed this decision in District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla. 1980) (Talmadge II), saying that while the first sentence of § 768.28(9), (1975), seemingly declares that public employees are not personally liable for employment negligence, the second sentence appears to provide that the state will pay (up to a stated amount) any judgment against the employee after personal liability has been determined. The court reconciled the inconsistency between the first and second sentences of the statute by ruling that public employees remained personally liable for the full amount of judgments rendered against them for torts committed in the course of their employment, but must be indemnified by the state to the extent of the monetary limitations on the state's waiver of sovereign immunity set out at § 768.28(5), Fla. Stat. Because the causes of action in Rupp and Knowles accrued during the period when § 768.28(9), (1975), was in effect, the rulings in those cases were in accord with the rule previously announced in Talmadge II.
In 1979, in an apparent reaction to the District Court's ruling in Talmadge I that the existing statute acted only to indemnify a public employee for a judgment entered against him (up to a stated amount) and afforded no immunity, the legislature substantially amended § 768.28(9). The amended version of the statute, which was in effect from June 6, 1979 through June 30, 1980, provided as follows:

*1011 No officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort for a final judgment which has been rendered against him for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The 1979 amendment completely deleted the conflicting second sentence relating to indemnification and additionally provided that the employee would have no liability on a judgment entered against him unless the employee acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, and property. By deleting the second sentence relating to indemnification, the legislature eliminated the inconsistency which was the basis of the rulings in Talmadge II and subsequent cases. The elimination of the inconsistent indemnification provision renders the meaning of the statute and the intention of the legislature very clear, i.e., in causes of action accruing from June 6, 1979 to June 30, 1980, public employees have no personal liability on judgments entered against them unless they acted in bad faith or with malicious purpose or with a willful and wanton disregard of human rights, safety and property. Because the cause of action in this appeal accrued on October 22, 1979, the 1979 law applied.
Although Kirkland and Stillwell involved causes of action accruing while the 1979 version of the statute was in effect, in neither case did the parties raise the issue of the application of the 1979 version of the statute and the effect of its application was not ruled upon by this court. Instead, the parties relied on yet a later amendment of the statute which took effect on July 1, 1980. Since the issue of the application of the 1979 version of § 768.28(9) was not considered or ruled upon in Kirkland or Stillwell, there is no conflict between those cases and our ruling herein.
Upon retrial, unless the appellants allege and prove bad faith, malicious purpose, etc., defendant Lee's motion to limit judgment, if renewed, shall be granted. If after retrial a judgment must be entered against defendant Lee, the judgment should specifically provide that there is no personal liability on the part of Lee and that no levy may be made upon her property.
Affirmed in part, reversed in part and remanded for further proceedings not inconsistent herewith.
MILLS and SMITH, JJ., concur.