PER CURIAM.
We initially accepted jurisdiction to review City of North Bay Village v. Braelow, 469 So.2d 869 (Fla. 3d DCA 1985), because of direct and express conflict with Rice v. Lee, 477 So.2d 1009 (Fla. 1st DCA 1985), review denied, 484 So.2d 9 (Fla.1986). Since accepting jurisdiction, we have issued Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla.1986), which also conflicts with the decision under review on another issue. We have jurisdiction. Art. V, § 3(b)(3), Fla.Const.
Respondent obtained judgment on a negligence action for $100,000 against petitioners City of North Bay Village and Police Officer J. Ort. The trial court capped the judgment against the City at $50,000 based on section 768.28(5), Florida Statutes (1979), but ruled that Officer Ort could be held personally liable for the additional $50,000 under section 768.28(9), Florida Statutes (1979). The district court affirmed.
The issue raised here is whether Officer Ort can be held personally liable under section 768.28(9) as it existed at the time of the incident. It is uncontroverted that the incident occurred on November 27, 1979, and that section 768.28(9), Florida Statutes (1979), is applicable. This section was amended following the date of the incident here by section 1, chapter 80-271 to make clear that public employees will not be personally liable for their negligent acts, or even named as defendants, except when they act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. We agree with the court in Rice that public employees could not be held personally liable, except as qualified, for negligent acts under section 768.28(9) as it existed in 1979.
The trial court, district court, and the parties before this Court did not have the benefit of Avallone. The City purchased a police professional liability insurance policy to cover all individual officers of the police department for $500,000. The policy covers Officer Ort. Government entities are authorized to spend taxpayers money for the purchase of liability insurance for government agents or employees acting within the scope of their employment. § 286.28(1), Fla.Stat. (1979). However, such policies may be purchased only if immunity is waived up to the coverage limits of the policy. § 286.28(2); Avallone. The significance of these provisions may have been recognized by the trial court in ruling that there was no limitation on the amount of recovery against Officer Ort but was overlooked by the district court. We quash the decision below and remand for further proceedings consistent with this opinion and Avallone.
It is so ordered.
ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.
McDONALD, C.J., concurs in result only.