SHARP, Chief Judge.
General Syndicators of America (GSA) appeals from the trial court’s order which granted Ruth and Donald Green a new trial on both liability and damages. The trial court granted a new trial because it thought it had improperly instructed the jury that GSA might not be liable to the Greens because an independent contractor, Sofran Corporation, was managing the shopping mall for GSA. We are not convinced the trial court erred in giving the standard jury instruction on independent contractors in this case; and even if giving the instruction was error, it was harmless. Accordingly, we reverse.
Ruth Green, an employee of a shop in the Palatka Mall, was injured after work when she was returning to her car in the mall’s rear parking lot. It was dark, and a young man accosted her. He sought to grab her purse, and in the ensuing struggle, knocked her to the ground and broke her hip. She suffered substantial physical injuries.
The Greens sued GSA on the theory that as owner and manager of the mall, it breached its duty to Green to provide adequate lighting and security at the mall and the adjacent parking areas. The issues framed for trial in the pretrial compliance statement were whether Green and GSA were negligent, and the damages suffered by the Greens. The statement also contained the following admission: “At the time of the incident the Defendant owned and managed the Palatka Mall.”
At trial the Greens called Eileen Gallion, the mall manager, as a witness. She testified that Sofran Corporation managed the mall at the time of Green’s injuries. During cross-examination Gallion testified that Sofran, not GSA, made all the decisions regarding mall security and that Sofran’s employees were “running the show.”
At the close of Green’s case, GSA moved for a directed verdict on the ground that since Sofran made all the decisions regarding security at the mall, Sofran was an independent contractor for whose negligence GSA was not responsible. The *1083 Green’s attorney argued the substantive merits of the motion (i.e., that there wasn’t a true independent contractor relationship) without objecting that this was a new issue. Further, the Greens’ attorney did not object to the trial judge’s ruling, on GSA’s directed verdict motion, that the independent contractor issue would be submitted to the jury.
At the jury charge conference, GSA’s attorney proposed an instruction on the independent contractor issue as a defense. The Greens’ attorney objected to the instruction, but only on the ground that the Standard Jury Instruction on independent contractors should be given. It was in fact given.
Any objection on the ground that this was a new issue or a surprise was, at best, very indirect. The Greens’ attorney also failed to argue that GSA was bound by its admission in the pretrial compliance statement. At the end of the discussion on this matter, the Greens’ attorney apparently waived any objection to the instruction on independent contractors when he stated: “I think he’s free to argue that to the jury.”
The jury returned a verdict which apportioned liability on the part of GSA for sixty percent of the damage, and on Ruth Green for forty percent. It awarded Ruth $54,-000.00 in damages and Donald $5,000.00 for his loss of consortium claim. The trial judge determined that the Greens were entitled to a new trial because the jury had been confused by the improper instruction on independent contractors.
It is not clear to us that the independent contractor instruction was erroneously given. A general denial of negligence may put in issue the fact that a third person for whom a defendant is not responsible caused the injury rather than the defendant. See Clement v. Rouselle Corp., 372 So.2d 1156 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1191 (Fla.1980). Although GSA would have been bound by its stipulation had the Greens’ attorney called it to the trial court’s attention, it appears that the Greens waived this point by arguing the merits of the independent contractor issue, and by requesting and ultimately agreeing to the standard jury instruction on independent contractors.
But even if the independent contractor instruction was improperly given in this case, we think the error was harmless. The jury clearly found that GSA had no independent contractor managing the mall. In paragraph one of the verdict form the jury found negligence on the part of GSA which was a legal cause of Green’s injuries. Had it found that Sofran insulated GSA from liability, it would have found no liability on GSA’s part, and the jury would not have proceeded to find damages and apportion them between the parties.
With regard to the amount of damages found by the jury, although they are on the low side, we cannot say they were so inadequate as to compel the conclusion that the jury was swayed by passion, prejudice, or that it erroneously aplied a principle of law or fact. See Bell v. Tarvin, 163 So.2d 300 (Fla. 1st DCA 1964). We do not think the total award of damages, in light of the medical testimony, was so grossly inadequate as to warrant a new trial. See Seaboard Coastline Railroad Company v. Burdi, 427 So.2d 1048 (Fla. 3rd DCA), rev. dismissed, 431 So.2d 988 (Fla.1983).
Accordingly, the order granting a new trial on the issue of damages and liability is
REVERSED.
COWART, J., concurs.
DAUKSCH, J., dissents with opinion.