JORGENSON, Judge,
dissenting.
I respectfully dissent. In my view, the jury instructions were in accordance with the law and were entirely proper. The court’s instruction to the jury simply tracked, word for word, section 627.727, Florida Statutes, which requires a written rejection of UM coverage. The insurer’s position throughout the trial was that it had offered UM coverage to the named insured, and that the trucking company had rejected that offer in writing. However, the insurer’s witness further testified that it could not produce that written rejection because the document had been destroyed. Therefore, the jury was properly instructed on section 627.727, in accordance with the evidence adduced, that “the coverage required under this section is not applicable when, or to the extent that an insured named in the policy makes a written rejection of the [UM] coverage on behalf of all the insureds under the policy.” Because the insured had made the written statutory rejection a feature of the trial, the instruction was proper. See Ryder Truck Rental v. Johnson, 466 So.2d 1240, 1242 (Fla. 1st DCA 1985) (“A party is entitled to have the jury instructed on his theory of the case when the evidence, viewed in a light favorable thereto, substantially supports the theory, even though that theory is controverted by the opposing party.”); see also Bohannon v. Thomas, 592 So.2d 1246, 1248 (Fla. 4th DCA 1992) (holding that generally, jury instructions which track statutory language are not erroneous unless they tend to mislead the jury).
At trial, the insurer also repeatedly testified that the insured had made a knowing oral waiver of UM benefits. That testimony, and the cross examination that revealed innumerable discrepancies and inconsistencies that east grave doubt on the credibility of the insurer on the issue of a knowing rejection, comprised the bulk of the trial testimony. It is clear beyond any doubt that the issue of whether there was a valid oral rejection of UM coverage was vigorously tried and argued. Nevertheless, the court’s opinion omits any reference to another instruction, specifically requested by the defendant insurer, that the jury received:
The issue for your determination on the claim of the Plaintiff, Juan B. Cabrera, against Defendant, Union American Insurance Company, is whether the named insured listed in the policy of insurance, Truck Brokerage by National, through its authorized representative made an oral or written informed, knowing rejection of uninsured motorist coverage for the policy of insurance issued by Union American Insurance Company which was in effect on May 10,1994.
If the greater weight of the evidence supports a finding that Truck Brokerage by National made an informed, knowing rejection of uninsured motorist coverage then your verdict should be in favor of the defendant, Union American Insurance Company.
If, however, the greater weight of the evidence supports a finding that Truck *316 Brokerage by National did not make an informed, knowing rejection of uninsured motorist coverage then your verdict should be in favor of the Plaintiff, Juan'Cabrera,
(emphasis added).
Additionally, the special verdict form, submitted to the jury provided as follows:
1. Do you find that Truck Brokerage by National, through its authorized representative, made a knowing rejection
of uninsured motorist coverage for the policy of insurance issued by Union American Insurance Company to Truck Brokerage by National which was in effect on May 10, 1994?
Yes_
No_
2. If the answer to Question No. 1 is yes, was the rejection:
Oral _
Written_:_
The jury checked “No” to question number 1 — whether there had been a knowing rejection of any kind, and never had to reach the issue of whether any such rejection was oral or written. The jury clearly understood that the issue was whether the insured had made a knowing waiver of UM coverage — oral or written — and the verdict form indicates its lack of confusion.
Because the jury found that the insured had not knowingly rejected UM coverage, it never reached the issue of whether any such rejection had been written or oral, and the instruction that tracked the language of section 627.727, even if error, was harmless. See General Syndicators of America v. Green, 522 So.2d 1081, 1088 (Fla. 5th DCA 1988)(holding that where jury’s finding as to one issue makes consideration of second issue moot, erroneous instruction as to that second issue was harmless error).
Although I believe the trial court’s instruction that provided the entire text of section 627.727 was proper, as the issue of a written rejection was vigorously tried, any error in giving that instruction was harmless in light of the other instruction given to the jury at the request of the insurer, and the verdict form that was provided by the court. Where the record reveals that “the series of instructions, considered as a whole, correctly stated the law,” there is no reversible error. City of North Bay Village v. Braelow, 469 So.2d 869, 871 (Fla. 3d DCA 1985), decision quashed on other grounds, 498 So.2d 417 (Fla.1986); see also Matalon v. Greifman, 509 So.2d 985, 986 (Fla. 3d DCA 1987) (“Generally, all instructions given by a trial court should be considered in light of the evidence before reversible error can be ascertained, and if the jury does not appear to have been misled or confused, and no other prejudice or harm has resulted, the judgment must be affirmed. The same test is applied in deciding whether a given instruction was prejudicial or whether failure to give a requested instruction was erroneous.”) (citations omitted); Kinya v. Lifter, Inc., 489 So.2d 92 (Fla. 3d DCA) (holding that any error in trial court’s failure to give particular instruction did not amount to reversible error where instruction and special interrogatory verdict properly advised jury of law), review denied, 496 So.2d 142 (Fla.1986); Yacker v. Teitch, 330 So.2d 828, 830 (Fla. 3d DCA 1976) (“In determining whether a specific instruction is erroneous, it should be considered with all the other instructions given, and the pleadings and evidence in the case.”).
I would affirm.