COPE, J.
(dissenting).
I respectfully dissent. We should affirm the judgment on authority of Raphael v. Shecter, 18 So.3d 1152 (Fla. 4th DCA 2009), and Menendez v. Progressive Ex *417 press Ins. Co., — So.3d -, 2010 WL 375080 (Fla.2010).
The Raphael decision concluded, correctly in my view, that the statute is substantive and that retroactive application is prohibited. The Menendez decision addressed Florida’s standards for determining whether a statute can be applied retroactively. Both opinions support the trial court’s determination of unconstitutionality in this case.
The majority opinion relies on Clausell v. Hobart Corp., 515 So.2d 1275 (Fla.1987), but that case is inapplicable. Clausell involved the retroactive application of a judicial decision, not the retroactive application of a statute. 515 So.2d at 1276. By contrast, Menendez and Raphael do address the issue now before us and under both cases, the statute cannot constitutionally be applied retroactively.
There is a seeming inconsistency between more recent appellate pronouncements regarding retroactive legislation, see Menendez, Raphael, and cases cited therein, and an older Florida Supreme Court decision, State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla.1981). The more recent decisions prohibit retroactive legislation which modifies substantive rights or obligations. By contrast, the Knoiules decision states:
As a matter of principle, it is indisputable that a retroactive application of the 1980 law has taken from Knowles something of value, and that nothing of value has been substituted or otherwise provided.
Under due process considerations, a retroactive abrogation of value has generally been deemed impermissible. The rule is not absolute, however, and courts have used a weighing process to balance the considerations permitting or prohibiting an abrogation of value. Despite formulations hinging on categories such as “vested rights” or “remedies,” it has been suggested that the weighing process by which courts in fact decide whether to sustain the retroactive application of a statute involves three considerations: the strength of the public interest served by the statute, the extent to which the right affected is abrogated, and the nature of the right affected. That analysis is helpful here. Without discoursing unduly on the point, we readily conclude that the balancing of these factors favors Knowles. The statute effects an abrogation of Knowles’ right to his full tort recovery, not merely a procedural adjustment of his remedies. That abrogation clearly outweighs the public’s interest in the 1980 legislation.
Quoting Mr. Justice Holmes in Forbes Pioneer Boat Line v. Board of Commissioners, 258 U.S. 338, 339, 42 S.Ct. 325, 66 L.Ed. 647 (1922):
Stripped of conciliatory phrases the question is whether a state legislature can take away from a private party a right to recover money that is due when the act is passed.
We hold, as in Forbes, that it cannot.
402 So.2d at 1158-59 (citations and footnotes omitted).* It is not clear whether Knowles has been abandoned by the Florida Supreme Court, and clarification by that Court would be helpful.
Assuming that Knowles continues to have vitality, the result in this case would be the same: retroactive application of the statute is impermissible.
We should affirm the judgment.

 In Knowles, the Court considered a statute which granted public employees immunity from suit and made the immunity applicable to pending suits. Id. at 1156.