432 So.2d 567 (1983)
James L. SCHREINER, Petitioner,
v.
McKENZIE TANK LINES, INC., et al., Respondents.
No. 61697.
Supreme Court of Florida.
March 31, 1983.
Rehearing Denied June 29, 1983.
Robert A. Emmanuel and William D. Marsh of Emmanuel, Sheppard & Condon, Pensacola, for petitioner.
W. Guy McKenzie, Jr. of McKenzie & Panebianco, Tallahassee, for McKenzie Tank Lines, Inc.; and L. Kathleen Horton of Clark, Partington, Hart, Hart & Johnson, Pensacola, for Risk Management Services, Inc., respondents.
Parker D. Thomson, Sanford L. Bohrer and Richard J. Ovelmen of Paul & Thomson, Miami, for The Governor's Commission on Advocacy For Persons With Developmental Disabilities, amicus curiae.
Dana Baird, Asst. Gen. Counsel, Tallahassee, for Florida Commission on Human Relations, amicus curiae.
OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as Schreiner v. McKenzie Tank Lines, Inc., 408 So.2d 711 (Fla. 1st DCA 1982). This case requires a construction of the basic rights provision, article I, section 2, of the Florida Constitution. The critical issue is whether the deprivation clause portion of article I, section 2, applies only to protect individuals from government action, or whether the deprivation clause was also intended to protect against private party conduct *568 where no government action is involved. The district court held that article I, section 2, should not apply to private action and should receive no broader construction than that given the fourteenth amendment to the United States Constitution. The district court then certified the following question to be one of great public importance:
Is there a requirement of state action, similar to that of the fourteenth amendment to the U.S. Constitution, that must be found to exist prior to invoking one's right to seek relief under the Florida Constitution of 1968, article I, section 2?
408 So.2d at 721. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. In summary, we answer the certified question in the affirmative and approve the decision of the district court. We agree that state action must be present for relief to be granted under article I, section 2, because we find that the framers of this constitutional provision did not intend that article I, section 2, have a broader application than the related provision of the fourteenth amendment to the United States Constitution.
The uncontroverted facts reflect the following. Petitioner, James Schreiner, was employed as a repairman by the respondent McKenzie Tank Lines, Inc. During the course of his employment, Schreiner operated motor vehicles on the highway. While working, Schreiner suffered epileptic seizures on three different occasions. After the first seizure, his driver's license was revoked by the State of Florida. Following the second seizure, Schreiner's doctor told him that he would have to limit his work to activities which did not require him to be off the surface of the ground. Then, when Schreiner suffered a third seizure while working, his employment was terminated. He initiated this action, which was dismissed by the trial court. On appeal, the only issue considered by the district court was whether Schreiner was unconstitutionally deprived of his employment due to a physical handicap in violation of article I, section 2, of the Florida Constitution, which reads as follows:

Basic rights.  All natural persons are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property; except that the ownership, inheritance, disposition and possession of real property by aliens ineligible for citizenship may be regulated or prohibited by law. No person shall be deprived of any right because of race, religion or physical handicap.
In its thorough opinion, the district court addressed three issues. First, the district court considered whether the deprivation clause portion of article I, section 2, is self-executing and found that it is. Second, the district court considered whether this provision of the Florida Constitution, like the equal protection clause of the fourteenth amendment to the United States Constitution, requires state action and found that it does. Third, the district court, based on its finding that state action is required, considered whether state action was present in this case and found it was not. We agree with the district court's answers as set out in its opinion and find that it is only necessary for us to discuss the state action requirement of article I, section 2.
At the outset, two points must be noted. First, the United States Supreme Court has held that the equal protection clause of the fourteenth amendment protects against discrimination by "states," and "erects no shield against merely private conduct, however discriminatory or wrongful." Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948) (footnote omitted). "Individual invasion of individual rights is not the subject-matter of the amendment." The Civil Rights Cases, 109 U.S. 3, 11, 3 S.Ct. 18, 21, 27 L.Ed. 835 (1883). See Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). The critical question is whether article I, section 2, of the Florida Constitution was drafted and adopted with the intent to broaden the application of the deprivation clause to protect against the "individual invasion of individual rights" as well as to protect against state action.
*569 Second, following the termination of Schreiner's employment by respondent, the legislature enacted section 23.161-167, Florida Statutes (1977). These provisions make it unlawful for private persons employing fifteen or more employees to discharge an employee because of race, color, religion, sex, national origin, age, handicap, or marital status.
The basic rights provision of article I, section 2, of the Florida Constitution, has three parts. The first is the equal protection clause, which provides that, "[a]ll natural persons are equal before the law... ." Petitioner concedes that the Florida equal protection clause protects only against improper state action, and does not apply to purely private action. The second part identifies the inalienable rights of Florida's citizens, "which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property... ." This inalienable rights clause does contain the exception "that the ownership, inheritance, disposition and possession of real property by aliens ineligible for citizenship may be regulated or prohibited by law." The third part of article I, section 2, is the deprivation clause, which provides that "[n]o person shall be deprived of any right because of race, religion or physical handicap."
Petitioner, while agreeing that the equal protection clause of article I, section 2, is limited to state action, contends that the inalienable rights and deprivation clauses apply not only to state action but also to private action. This contention is based on the petitioner's observation that although the equal protection clause refers to "law" and "or under law," such reference is absent from the inalienable rights and due process clauses. Petitioner also asserts that both the Michigan and New York constitutions have similar provisions which have been interpreted as allowing claims for private actions. We reject these contentions.
We agree with the district court that although the United States Supreme Court's construction of the fourteenth amendment is not controlling, it does give us persuasive advice as to how to construe article I, section 2 of the Florida Constitution. As noted by the district court in its opinion, in the majority of states with constitutional provisions similar to Florida's, state action is required. We do not find the constructions of the Michigan and New York constitutions to be persuasive. The Michigan provision is not similar to, but is broader than Florida's constitutional provision. Further, the Connecticut provision, which is almost identical to the Michigan provision, has been construed to require state action. See Lockwood v. Killian, 172 Conn. 496, 375 A.2d 998 (1977). In addition, the assertion that the New York Constitution protects against purely private action is erroneous. In Sharrock v. Dell Buick-Cadillac, Inc., 45 N.Y.2d 152, 379 N.E.2d 1169, 408 N.Y.S.2d 39 (1978), the New York Court of Appeals concluded that, although there was no specific requirement of state action in the New York Constitution, "state involvement" was required.
Although we conclude, as have the United States Supreme Court and the majority of jurisdictions which have addressed this question, that state action is required in the context of this case, our decision is primarily based on the intent of the drafters of article I, section 2, of the Florida Constitution. After reviewing all of the transcripts available from meetings of the Constitutional Revision Commission, we conclude, as did the district court, that there was no intent by the framers to expand article I, section 2, to protect against private conduct as well as government conduct. Neither the Commission's background information nor the Commission's explanation of the provisions to the public support the assertion that an expansion of the protection provided by article I, section 2, was contemplated. That would have been a major policy change and reason dictates that such a change would have produced discussion, explanation, and debate. There is no indication that this type of major change was contemplated in the published explanation *570 to the people.[1] We do not agree that the comments of Commissioner Ervin are sufficient to support such a change, particularly when the actions of the Commission and its chairman are considered.[2] When this provision was adopted, the law was clear that the constitution did not provide protection against the individual invasion of individual rights.
The petitioner's contention that the legislature, by enacting section 23.161-167, has impliedly interpreted article I, section 2, as applying to private acts, is without merit. In section 23.161-167, the legislature created a right of action for employment discrimination against a private person employing fifteen or more persons. The legislature's enactment of this provision suggests no broad interpretation of article I, section 2. If the petitioner's position were correct, there would be no need for this statutory provision and, rather than implementing the constitutional provision, it would have constituted a limitation on its application. We conclude that the legislature, in adopting section 23.161-167, was creating new statutory rights against private employment discrimination by businesses that employ more than fifteen persons and was not implementing or interpreting article I, section 2.
We agree with the district court and hold that article I, section 2, deals with the relationship between the people and the state and that, consistent with the construction of the fourteenth amendment, individual invasion of individual rights was never intended to be the subject matter of this provision.
For the reasons expressed, we approve the decision of the district court and adopt it as the opinion of this Court.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] See Draft of Proposed 1968 Constitution, July 20, 1968, at 1: Florida State Archives RG 005, Series 725, Box 1, file 19.
[2] See 5 Convention of the Florida Constitution Revision Commission 33-44 (Dec. 14, 1966) (unpublished transcripts available in Florida Supreme Court Law Library).