Honorable Ronald A. Sliver Representative, District 100
QUESTION: 1. What is the effective date of s. 8(b) and (c), Art. I, State Const., which was approved at the November 6, 1990, general election, and which prescribes a three day waiting period for the purchase of handguns? 2. What is the effect of the requirement in s. 8(c), Art. I, State Const., that the Legislature "enact legislation implementing subsection (b) of this section . . ."?
SUMMARY: 1. Section 8(b) and (c), Art. I, State Const., becomes an effective amendment to the Constitution on Tuesday, January 8, 1991. 2. The Legislature is required by s. 8(c), Art. I, State Const., to enact implementing legislation relating to the three day waiting period established in s. 8(b), shall be guilty of a felony. Such legislation must be effective no later than December 31, 1991.
At the November 6, 1990 , general election, the electorate approved the following amendment to s. 8, Art. I, State Const.:
 (b) There shall be a mandatory period of three days, excluding weekends and legal holidays, between the purchase and delivery at retail of any handgun. For the purposes of this section, "purchase" means the transfer of money or other valuable consideration to the retailer, and "handgun" means a firearm capable of being carried and used by one hand, such as a pistol or revolver. Holders of a concealed weapon permit as prescribed in Florida law shall not be subject to the provisions of this paragraph.
(c) The legislature shall enact legislation implementing subsection (b) of this section, effective no later than December 31, 1991, which shall provide that anyone violating the provisions of subsection (b) shall be guilty of a felony.
AS TO QUESTION 1:
Nothing in the text of s. 8(b) or (c), Art. I, State Const.,supra, provides for an effective date for the amendment.
However, s. 5(c), Art. XI, State Const., provides that:
If the proposed amendment or revision is approved by vote of the electors, it shall be effective as an amendment to or revision of the constitution of the state on the first Tuesday after thefirst Monday in January following the election, or on such other date as may be specified in the amendment or revision. (e.s.)
Applying this constitutional provision to the terms of s. 8(b) and (c), Art. I, State Const., it appears that provision will become an effective amendment to the Florida constitution on January 8, 1991.
AS TO QUESTION 2:
Section 8(c), Art. I, State Const., specifically provides that "[t]he legislature shall enact legislation implementing subsection (b) of this section, effective no later than December 31, 1991, which shall provide that anyone violating the provisions of subsection (b) shall be guilty of a felony."
Constitutional language is not to be assumed to be superfluous; the Constitution must be construed so as to give meaning to all words and phrases contained therein.[1]
Thus, s. 8(c), Art. I, supra, directs that the Legislature adopt legislation implementing the prescribed three day waiting period. It requires that this legislation include specific penalty provisions.
The Florida Supreme Court has developed the following test for determining whether a constitutional provision is self-executing:
The basic guide, or test, in determining whether a constitutional provision should be construed to be self-executing, or not self-executing, is whether or not the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment.[2]
The language used in the constitutional provision itself may be determinative on this issue and is the principal criterion to be considered.[3] Constitutional provisions are not self-executing if they merely indicate a line of policy or principles, without supplying the means by which such policy or principles are to be carried into effect, or if it appears from the language used and the circumstances of its adoption that subsequent legislation was contemplated to carry it into effect.[4]
Section 8(b), Art. I, State Const., enunciates the principle or policy of a mandatory three day waiting period between the purchase and delivery of a handgun at retail in this state. No means of effecting this policy are set forth in the amendment; however, the Legislature is directed, in s. 8(c), to "enact legislation implementing subsection (b) of this section . . . ."[5] (e.s.) Thus, in order to accomplish the purpose of the amendment, the Legislature must act.
Therefore, the Legislature is required by s. 8(c), Art. I, State const., to adopt implementing legislation relating to the three day waiting period establish in s. 8(b). Such legislation must be effective no later than December 31, 1991. Further, this legislation must provide that anyone violating the provisions of s. 8(b) shall be guilty of a felony.
[1] See, Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A. Fla., 1982), and State ex rel. McKay v. Kefferm,191 So. 542 (Fla. 1939) (In general, principles of construction applicable to statutes are also applicable to Constitutions, but not to the extent of defeating the purposes for which a Constitution is drawn).
[2] Gray v. Bryant, 125 So.2d 846, 851 (Fla. 1960). Seealso, Schreiner v. McKenzie Tank Lines Risk Management Services, Inc., 408 So.2d 711 (1 D.C.A. Fla., 1982), approvedand adopted, 432 So.2d 567 (Fla. 1983); AGO 77-136 and cases cited therein.
[3] See generally, 16 C.J.S Constitutional Law, s. 46.
[4] Id. Cf., Plante v. Smathers 372 So.2d 933
(Fla. 1979); and Williams v. Smith, 360 So.2d 417 (Fla. 1978).
[5] "Implement" is defined as: "to carry out: accomplish."See, Webster's New Collegiate Dictionary 576 (1975 ed.); "[t]o provide a definite plan or procedure to ensure the fulfillment of." See, The American Heritage Dictionary 660 (New College ed. 1979).