670 So.2d 56 (1996)
Donald G. RESHA, Petitioner,
v.
Katie D. TUCKER, Respondent.
No. 83597.
Supreme Court of Florida.
January 18, 1996.
Rehearing Denied March 19, 1996.
Richard E. Johnson of Spriggs & Johnson, Tallahassee; and William A. Friedlander, Tallahassee, for Petitioner.
Brian S. Duffy of McConnaughhay, Roland, Maida & Cherr, P.A., Tallahassee, for Respondent.
Gary Gerrard of Gary Gerrard, P.A., Coral Gables, amicus curiae for Academy of Florida Trial Lawyers.
James K. Green of James K. Green, P.A., West Palm Beach, amicus curiae for American Civil Liberties Union Foundation of Florida, Inc.
Barbara Green of Barbara Green, P.A., Coral Gables, amicus curiae for Florida Association for Women Lawyers.
WELLS, Justice.
We have for review a question certified to be of great public importance by the District Court of Appeal for the First District:
DOES A VIOLATION OF ARTICLE I, SECTION 23 OF THE FLORIDA CONSTITUTION *57 GIVE RISE TO AN ACTION FOR MONEY DAMAGES?
Tucker v. Resha, 634 So.2d 756 (Fla. 1st DCA 1994). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. Although the certified question confers jurisdiction upon this Court, we refrain from answering the question as stated because we do not view it as representative of the issue presented by the facts of this case. Thomason v. State, 620 So.2d 1234, 1235 (Fla.1993); Lawton v. Alpine Engineered Products, Inc., 498 So.2d 879, 880 (Fla.1986); Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla.1986); Cleveland v. City of Miami, 263 So.2d 573, 576 (Fla.1972). In particular, the certified question does not delineate that the present action was brought against an individual rather than the state. Accordingly, we restate the question to read:
DOES A VIOLATION OF ARTICLE I, SECTION 23 OF THE FLORIDA CONSTITUTION GIVE RISE TO AN ACTION FOR MONEY DAMAGES AGAINST A STATE OFFICIAL BASED UPON ACTS DETERMINED TO BE OUTSIDE THE SCOPE OF THE OFFICIAL'S STATE DUTIES?
We answer the question in the negative and approve the result reached by the district court.
The facts from which this case arises are the same as those set forth in Tucker v. Resha, 648 So.2d 1187 (Fla.1994). The suit was based upon certain actions taken by Katie D. Tucker while she served as executive director of the Florida Department of Revenue (DOR). While in office, Tucker allegedly made statements to her staff and to agents of the Florida Department of Law Enforcement (FDLE) indicating that Donald G. Resha's family was involved in organized crime and that Resha was involved in pornography, drug smuggling, arms sales, and money laundering. In addition, Tucker initiated a department investigation and audit of Resha and his two Tallahassee businesses, Movies and More and Seminole Books. Tucker claimed that she initiated the investigation and audit because she suspected that Resha was involved in criminal activity. The agency's audit, however, only revealed a $500 tax liability for one of Resha's businesses.
Based on these facts, Resha filed a complaint setting forth both federal and state causes of action against Tucker. Those federal and state causes of action which survived summary judgment were separated when the First District, in response to Tucker's emergency writ of prohibition and petition for writ of certiorari, ordered a stay of the federal claims. Tucker, 648 So.2d at 1188.
At the trial that transpired on the state claims, Resha alleged that Tucker's statements to DOR staff members and the FDLE were defamatory, and the DOR investigation and audit initiated by Tucker were an invasion of the right to privacy guaranteed by article I, section 23 of the Florida Constitution. Resha claimed that Tucker made these statements and initiated the investigation because Resha ran against Tucker's husband in a highly contested AFL-CIO presidential election.
The jury returned a verdict for Resha on both the defamation and privacy claims. In reaching its verdict, the jury made a specific finding with regard to each count that Tucker did not act within the scope of her duties. The district court reversed the judgment for Resha on both counts and certified the question regarding article I, section 23 to this Court.
In reviewing the trial court's judgment for money damages based upon article I, section 23, the district court relied upon the test for determining whether a constitutional provision guaranteeing an individual right is self-executing. Specifically, the court stated that "[t]he question whether a cause of action exists for `governmental intrusion' giving rise to money damagesthat is, whether the provision is self-executingis one of first impression." Tucker, 634 So.2d at 759. This test, enunciated by the district court in Schreiner v. McKenzie Tank Lines, 408 So.2d 711 (Fla. 1st DCA 1982), approved, 432 So.2d 567 (Fla.1983), provides that a constitutional provision is self-executing if it "sufficiently delineates `a rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative *58 enactment.'" Id. at 714 (quoting Gray v. Bryant, 125 So.2d 846, 851 (Fla.1960)). While we approve the district court's reversal of the judgment on the count based upon article I, section 23, we do not agree that whether money damages may be awarded in this case is dependent upon whether that provision is self-executing.
Rather, we answer the certified question as restated and thus resolve this issue simply by giving article I, section 23 its plain meaning. See Public Health Trust of Dade County v. Lopez, 531 So.2d 946, 948-49 (Fla.1988). Article I, section 23 states in part: "Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein." (Emphasis added.) The language of this constitutional provision clearly provides that it applies only to government action. See City of North Miami v. Kurtz, 653 So.2d 1025 (Fla.1995). The district court acknowledged this when it stated that a "`governmental intrusion' action is ex hypothesis an action against the government rather than against a private person." Tucker, 634 So.2d at 759. From this acknowledgment it follows that no cause of action for governmental intrusion exists in this case because Resha's claim alleging that Tucker acted beyond the scope of her duties was against Tucker individually rather than against the state.
Resha points out that the jury made a specific finding that Tucker acted outside the scope of her duties as a public official in invading Resha's privacy. Based upon this finding, he contends that pursuant to District School Board of Lake County v. Talmadge, 381 So.2d 698 (Fla.1980), Tucker may be held individually liable for violating article I, section 23 because she forfeited the protection of sovereign immunity when she unlawfully exercised her governmental power.
In Talmadge, we did recognize that a government employee who acts in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property is subject to an individual cause of action governed by traditional, preexisting legal principles for tort actions against public employees. Id. at 702-03.[1] However, Talmadge is distinguishable from the instant case because Resha's action was not based upon what the Talmadge decision designates as preexisting legal principles for tort actions against public employees. Rather, Resha's action was based upon article I, section 23, which we must give its plain and obvious meaning.
We also reject Resha's claim that Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), provides support for the conclusion that article I, section 23 serves as a basis for a cause of action against an individual. In Hafer, the Court recognized that in enacting 42 U.S.C. section 1983, Congress sought "`to give a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position.'" Id. at 27, 112 S.Ct. at 363 (quoting Monroe v. Pape, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961)). The Court further concluded that "Congress enacted § 1983 `to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" Hafer, 502 U.S. at 28, 112 S.Ct. at 363 (quoting Scheuer v. Rhodes, 416 U.S. 232, 243, 94 S.Ct. 1683, 1689, 40 L.Ed.2d 90 (1974)). As the Court recognized, the language of the federal statute[2] indicates that the remedy for which it provides is available against an individual acting "under color" of state law. In the Hafer decision, the Court provides an interpretation of that language based upon legislative intent.
*59 There is no similar language in article I, section 23, and we decline to infer such language into this constitutional provision by interpreting it in the manner which Resha suggests. We conclude that if a state employee acts beyond the scope of his or her duties, the employee's actions amount to individual intrusion rather than the governmental intrusion against which article I, section 23 protects. Accordingly, Tucker's actions, which the jury found were beyond the scope of her duties, do not amount to governmental intrusion and, consequently, cannot violate article I, section 23.
Finally, we reject Resha's argument that the award of money damages is necessary to effectuate Florida's constitutional guarantee of access to courts. Art. I, § 21, Fla. Const. As the district court noted, Florida courts are open to invasion of privacy claims under the common law, provided all the elements of the cause of action are proved. See Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944); Thompson v. City of Jacksonville, 130 So.2d 105 (Fla. 1st DCA 1961), cert. denied, 147 So.2d 530 (Fla.1962).
Resha also asks us to review the district court's reversal of the judgment on defamation. Similar to its finding on the privacy claim, the jury made a finding that Tucker was not acting within the scope of her duties as Executive Director of the Florida Department of Revenue at the time any of the statements at issue were made. The district court reversed the defamation award, holding that the trial court erred by failing to apply the absolute privilege executive officers enjoy as a matter of law to Tucker's statements. Tucker, 634 So.2d at 759. Reasoning that criminal activity often includes nonreporting and nonpayment of taxes on the illicit proceeds, the court found that Tucker's statements to her staff members and FDLE investigators fell within the scope of her office at the Department of Revenue as a matter of law. Id. at 758. The court further concluded that the absolute privilege would have applied to Tucker even if her motive in making the statements had been malicious. Id. at 758-59. We approve the reversal of the trial court's judgment on defamation.
We agree with the district court's conclusion that the question of whether Tucker's allegedly defamatory statements were absolutely privileged was a question of law to be decided by the court. See Nodar v. Galbreath, 462 So.2d 803 (Fla.1984); Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906). The trial judge thus erred in submitting to the jury the question as to whether Tucker's statements were made within the scope of her duties. Consequently, the jury's finding on this matter was not material to the resolution of the defamation issue.
Accordingly, we answer the rephrased question in the negative and approve the decision of the district court for the reasons stated in this opinion.
It is so ordered.
SHAW, KOGAN and ANSTEAD, JJ., concur.
GRIMES, C.J., concurs in result only with an opinion, in which OVERTON and HARDING, JJ., concur.
GRIMES, Chief Justice, concurring in result.
I would adopt the opinion of the district court of appeal and answer the certified question as worded by that court in the negative.
OVERTON and HARDING, JJ., concur.
NOTES
[1] This statement remains true despite subsequent amendments to section 768.28(9), Florida Statutes (1995). See Rice v. Lee, 477 So.2d 1009, 1011 (Fla. 1st DCA 1985), review denied, 484 So.2d 9 (Fla.1986).
[2] Section 1983 provides in part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.