Mr. Wayne R. Malaney Attorney for Collier County Supervisor of Elections 2846 Remington Green Circle, Suite A Tallahassee, Florida 32308
Dear Mr. Malaney:
On behalf of Mary W. Morgan, Supervisor of Elections for Collier County, you ask substantially the following question:
Are the provisions of Article VI, section 5(b), Florida Constitution, which was adopted by the voters during the November 1998 general election, self-executing?[1]
In sum:
The provisions of Article VI, section 5(b), Florida Constitution, which was adopted by the voters during the November 1998 general election, are self-executing.
Amendment 11, proposed by the 1998 Constitution Revision Commission, contained several amendments to the constitutional provisions relating to elections. One such proposal suggested that the following language be added to Article VI, section 5:
"(b) If all candidates for an office have the same party affiliation and the winner will have no opposition in the general election, all qualified electors, regardless of party affiliation, may vote in the primary elections for that office."
During the November 1998 general election, Amendment 11, including the above language, was approved by the electorate. The constitutional amendment became effective January 5, 1999.[2]
In determining whether a constitutional amendment is self-executing, the Supreme Court of Florida in Gray v. Bryant[3]
developed the following test:
"The basic guide, or test, in determining whether a constitutional provision should be construed to be self-executing, or not self-executing, is whether . . . the provision lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment. . . . If the provision lays down a sufficient rule, it speaks for the entire people and is self-executing. . . . The fact that the right granted by the provision may be supplemented by legislation, further protecting the right or making it available, does not of itself prevent the provision from being self-executing."
A principal measure for determining this issue is the language of the constitutional provision itself.[4] If the language of the amendment is directed to the Legislature, or if it appears from the language used and the circumstances of its adoption that subsequent legislation was contemplated to carry it into effect, the amendment is not self-executing.[5]
The courts have generally presumed that constitutional amendments are self-executing, the rationale being that the Legislature could otherwise defeat the will of the people. As stated by the Supreme Court of Florida in Gray v. Bryant,[6]
"[T]he modern doctrine favors the presumption that constitutional provisions are intended to be self-operating. This is so because in the absence of such presumption the legislature would have the power to nullify the will of the people expressed in their constitution, the most sacrosanct of all expressions of the people."
As the Supreme Court of Florida recognized in Williams v.Smith,[7] the fact that the right granted by the amendment may be supplemented by legislation does not, of itself, prevent the amendment from being self-executing.
The language of the amendment you ask about contains no qualifying phrase indicating that implementation is dependent upon legislative action. Rather, it plainly states if 1) all candidates for an office have the same party affiliation, and 2) the winner will have no opposition in the general election, then all qualified electors, regardless of party affiliation, may vote in the primary elections for that office.
Therefore, since there is no language contemplating legislative action as a prerequisite to the provision's having effect, and since the language unambiguously provides a sufficient rule by which the right it gives may be determined, it is my opinion that the presumption that the provision is self-executing should prevail.
Accordingly, I am of the opinion that the provisions of ArticleVI, section 5(b), Florida Constitution, which was adopted by the voters during the November 1998 general election, are self-executing.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] You also ask whether the existence of a write-in candidate for an office constitutes opposition and what is the effect of such a write-in candidate dropping out after the first primary. Such questions necessarily involve consideration of the existing provisions of the Florida Elections Code. As stated in this office's Statement Concerning Attorney General Opinions, see,e.g., 1998 Annual Report of the Attorney General, pp. xi-xii, "when an opinion request is received on a question falling within the statutory jurisdiction of some other state agency, the request will either be transferred to that agency or the requesting party will be advised to contact that agency. The Division of Elections in the Department of State has been authorized by the Florida Legislature to issue advisory opinions. See, s. 106.23(2), Fla. Stat. This office has been advised that the division intends to address such issues.
[2] See, Art. XI, s. 5(c), Fla. Const., stating that if a constitutional amendment is approved by the electors, "it shall be effective . . . on the first Tuesday after the first Monday in January following the election, or on such other date as may be specified in the amendment or revision."
[3] 125 So.2d 846, 851 (Fla. 1960). See also, Schreiner v.McKenzie Tank Lines Risk Management Services, Inc.,408 So.2d 711 (Fla. 1st DCA 1982), approved and adopted, 432 So.2d 567
(Fla. 1983); Op. Att'y Gen. Fla. 77-136 (1977).
[4] See generally, 16 C.J.S. Constitutional Law s. 46.
[5] Id. Cf., Lewis v. Florida State Board of Health,143 So.2d 867 (Fla. 1st DCA 1962), cert. den., 149 So.2d 41 (Fla. 1963);Porter v. First National Bank of Panama City, 119 So. 130 (Fla. 1928); Plante v. Smathers, 372 So.2d 933 (Fla. 1979); andWilliams v. Smith, 360 So.2d 417 (Fla. 1978). And see, Op. Att'y Gen. Fla. 91-08 (1991), in which this office concluded that the three-day waiting period for the purchase of handguns was not self-executing since the constitutional provision itself required the Legislature to enact legislation implementing the provision.
[6] 125 So.2d at 851. And see, Schreiner v. McKenzie Tank Lines Risk Management Services, Inc., supra.
[7] 360 So.2d 417, 420 (Fla. 1978), quoting, Gray v. Bryant,supra.