DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANTIE COWANS,**
Appellant,

v.

**MAXIMUS EDUCATION LLC** d/b/a
**AIDVANTAGE,**
Appellee.

No. 4D2025-0235

[July 23, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE24-010155.

Chantie Cowans, Coral Springs, pro se.

Erica Conklin Baines of Husch Blackwell, LLP, Naples, for appellee.

GROSS, J.

This case arises from Maximus Education d/b/a Aidvantage's routine credit reporting of appellant Chantie Cowans' student loans.

Maximus is a servicer of student loans. Cowans wrote letters to Maximus objecting to the reporting of her account information to credit reporting agencies.

In her amended complaint, Cowans sued Maximus, alleging that it had violated her right to privacy for reporting her account status to credit reporting agencies. The circuit court granted Maximus' motion to dismiss Cowans' amended complaint with prejudice.

On appeal, Cowans argues that she stated a claim under article I, section 23 of the Florida Constitution. That section of the Florida Constitution addresses privacy rights: "Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law." Art. I, § 23, Fla. Const.

Cowans' attempt to state a claim under article I, section 23 fails for three reasons.

First, the amended complaint fails to assert the existence of government action that would trigger the amendment's protection. As the Florida Supreme Court has observed, "to determine whether [a party] . . . is entitled to protection under article I, section 23, we must first determine whether a *governmental entity* is intruding into an aspect of [the party's] life in which she has a 'legitimate expectation of privacy.'" *City of N. Miami v. Kurtz*, 653 So. 2d 1025, 1028 (Fla. 1995) (italics supplied).

Second, Cowans does not have a legitimate expectation of privacy in the reporting of her loan status to credit reporting agencies. Individuals subject themselves to credit checks in many financial scenarios, such as to rent apartments, secure mortgage loans, purchase cars and obtain credit cards. While a borrower may be protected against unfettered public access to her credit history, it is unreasonable to expect that a credit history can be shielded from credit reporting agencies. A credit history significantly determines both a borrower's access to credit and the terms on which credit is extended.

Third, it does not appear that article I, section 23 gives rise to a cause of action for money damages. *See Tucker v. Resha*, 634 So. 2d 756, 759 (Fla. 1st DCA 1996), *approved*, 670 So. 2d 56 (Fla. 1996) (holding that it is "clear that article I, section 23 does not create a cause of action for 'governmental intrusion' because legislative enactment is needed to delineate whether immunity is waived to permit the award of money damages").

Similar to its failure to state a claim under the state constitution, the amended complaint does not support a claim for the common law tort of public disclosure of private facts. That tort requires "1) the publication, 2) of private facts, 3) that are offensive, and 4) are not of public concern." *Woodard v. Sunbeam Television Corp.*, 616 So. 2d 501, 503 (Fla. 3d DCA 1993) (citations omitted). Publication, in this context, "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Restatement (Second) of Torts § 652D (1977). Cowans fails to state facts sufficient in her amended complaint to satisfy the publication element of the tort. A report to a credit reporting agency is more narrowly focused than the public disclosure contemplated by the tort. Also, as noted above, a loan payment history is part of a credit history, a matter of public concern, in that the history determines a consumer's ability to borrow, which fuels the national economy.

We agree with those decisions Maximus cites for the proposition that routine credit reporting does not rise to the level of public disclosure of private facts. *See Wells v. Enhanced Recovery Co.*, No. 1:11-CV-01326-SCJ-AJB, 2011 WL 13319655, at *13 (N.D. Ga. May 12, 2011), report and recommendation adopted *sub nom. Wells v. Enhanced Recovery Co.*, No. 1:11-CV-1326-SCJ-AJB, 2011 WL 13319869 (N.D. Ga. June 1, 2011) (holding that the plaintiff failed to prove public disclosure of private facts where a phone company had reported an alleged debt to Experian because the FCRA was designed to keep individual's information confidential, and even Experian's reporting of the alleged debt was not to the public at large); *Shugart v. Ocwen Loan Servicing, LLC*, No. 2:13-cv-52, 2013 WL 12101053, at *8 (S.D. Ohio Sept. 30, 2013) (holding that a claim for public disclosure failed because "the public has a legitimate concern in having [debt] information communicated to credit reporting agencies because it facilitates better lending practices," and noting that "credit reports are not even available to the general public").

We have fully considered the other arguments which Cowans has raised in her brief, but conclude those arguments are insufficient to justify reversal.

*Affirmed.*

CIKLIN and LEVINE, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***